Dario BARGAS, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 13–02–030–CV.

Court of Appeals of Texas, Corpus Christi–Edinburg.

May 12, 2005.

John S. Gilmore, Jr., Gilmore & Granberry, Joseph V. Collina, Corpus Christi, for appellant.

Patrick L. Flanigan, Dist. Atty., Sinton, for state.

Before Justices HINOJOSA, CASTILLO, and CHAVEZ.[1]

## OPINION

Opinion by Justice CASTILLO.

Dario Bargas, Jr., brings this appeal from the trial court's denial of his petition to expunge his criminal record following Bargas's acquittal by a jury. We reverse and remand.

## I. BACKGROUND

A grand jury indicted Bargas for attempted murder and aggravated assault on

1. The assignment of retired Justice Melchor Chavez to this Court by the Supreme Court of Texas pursuant to section 74.003 of the government code expired on August 31, 2003. See TEX. GOV'T CODE ANN. § 74.003 (Vernon 2005). Accordingly, Justice Chavez did not participate in this decision.

May 25, 2000. The matter proceeded to a jury trial in the 36th Judicial District Court, San Patricio County, Texas. On January 30, 2001, the jury returned a verdict of not guilty. A judgment acquitting Bargas of all charges was entered January 30, 2001.

■ Article 55.02(1) of the Texas Code of Criminal Procedure requires that Bargas raise his request for expunction in the trial court "presiding over the case in which the defendant was acquitted." TEX. CODE CRIM. PROC. ANN. art. 55.02(1) (Vernon Supp.2004–05). Article 55.02(2) requires that a petition for expunction be filed in the district court in which the person was acquitted. *See Ex parte Myers*, 68 S.W.3d 229, 232 (Tex.App.-Texarkana 2002, no pet.). An expunction cannot be considered in any court other than that specified in the statute, because the Legislature's designation of venue is mandatory and jurisdictional. *Id.* On March 16, 2001, Bargas filed a petition to expunge his arrest record in the 156th Judicial District Court, San Patricio County, Texas. He alleged that he had been arrested and charged, but was entitled to expunction because the indictment or information charging him had been dismissed because of a mistake, false information or other similar reason indicating absence of probable cause. The petition included a request for a hearing and alleged Bargas was entitled to expunction because there was no final conviction, no court ordered supervision, no conditional discharge, and he had not been convicted of a felony in the five years preceding the date of arrest.

The response filed by the State asserted that the petition was factually incorrect, in that the felony indictment had not been dismissed; instead it was disposed of by acquittal after a jury trial.[2] The State further alleged the petition for expunction failed to satisfy the requirements of article 55.02 of the code of criminal procedure and therefore should be denied.

On April 10, 2001, Bargas amended his petition for expunction to reflect the indictment had been disposed of by acquittal, but did not specifically cite article 55.02 of the Code of Criminal Procedure. The State's amended response (filed May 16, 2001) focused on Bargas's continued failure to satisfy all requisites of article 55.02. Bargas subsequently filed his third amended petition on May 29, 2001.[3] Bargas sought the relief of expunction based upon his acquittal, and for the first time urged that the trial court had failed to advise him of his right to expunction as required under articles 55.02 and 55.05 of the code of criminal procedure. TEX.CODE CRIM. PROC. ANN. arts. 55.02, 55.05 (Vernon Supp.2004– 05). He therefore requested waiver of the statutory requirement that a hearing be held within thirty (30) days of acquittal. On that same day, May 29, 2001, Bargas also filed a motion to transfer the matter from the 156th Judicial District Court[4] to the 36th Judicial District Court, where the underlying criminal matter had proceeded to trial.

No further action was taken in the matter until October 8, 2001, when a notice of hearing was issued, scheduling the hearing

---

**2.** On April 10, 2001, the City of Portland also filed a response and objection to the petition for expunction, alleging factual incorrectness for the same reason. The responses of the State and of the City of Portland, including all amended responses, were filed in the 156th Judicial District Court.

**3.** Both amended petitions erroneously carried the caption for the 343rd Judicial District Court.

**4.** The caption on the motion to transfer also erroneously reflects that the matter was then pending in the 343rd Judicial District Court.

for December 6, 2001. On December 7, 2001, a second notice was sent out, reflecting a hearing date of December 14, 2001. Both these hearing notices were issued by the 156th Judicial District Court. The hearing proceeded on December 14, 2001; the transcript reflects it was held before the 156th Judicial District Court (Judge Yeager presiding). The order denying Bargas's petition was signed and entered December 26, 2001, by Judge Yeager, though that order carries a caption indicating it emanated from the 36th Judicial District Court. Bargas's notice of appeal and all subsequent requests for clerk and reporter records were filed in the 156th Judicial District Court. We find no signed order of transfer, and note further that the court initially referred to itself as the 156th Judicial District Court during the hearing.

Despite the confusion in the record, we determine that, as indicated in the briefs of both Appellant and Appellee, Bargas did file in the appropriate district court and this matter is properly on appeal from the 36th Judicial District Court. We base this conclusion on the following facts: (1) all orders of the court are signed by Judge Yeager; (2) Judge Yeager presided over the expunction hearing and signed the final order denying the petition; (3) Judge Yeager presided over the earlier jury trial of Bargas; (4) at the hearing on the expunction matter, Judge Yeager took judicial notice that "this was the Court in which Mr. Bargas was acquitted" on January 30, 2001; (5) the State had no objection to this conclusion; and (6) no party has raised this as an issue on appeal.

## II. THE HEARING

At the expunction hearing, the State, joined by the City of Portland, objected that Bargas's request for expunction was untimely, inasmuch as more than 30 days had passed since Bargas's acquittal. The judge determined that he would proceed with the hearing, and Bargas was given the full opportunity to present his case.

Bargas testified that, although he had signed affidavits in support of his petition and his amendments thereto, he could not guarantee that he had read them or that the petitions did not inadvertently contain some error. The State contended that the first petition in fact improperly requested expunction under the general provisions of the expunction statute, and not until the third amended petition (filed May 29, 2001) did Bargas claim that the trial judge had failed to follow the strict requirements of article 55.02. The State further contended, and Bargas agreed, that Bargas had been represented at the underlying trial by three attorneys with considerable experience and expertise in criminal law.

After taking judicial notice that this same court had presided over the trial in which Bargas had been acquitted, the trial court also took judicial notice that it had not admonished Bargas with regard to expunction as provided in article 55.02 of the code of criminal procedure.

Bargas's attorney also testified at the hearing that, at the time of Bargas's acquittal, he was unaware of the statutory provision requiring that any hearing on expunction be held within thirty (30) days of the acquittal. Bargas does not dispute that the request for expunction was neither filed nor heard within thirty (30) days of his acquittal.

The State responded at the hearing that Bargas essentially "slumbered on his rights" in failing to make a timely request, and that he was therefore barred from the relief of expunction. The State further countered that, at the most, Bargas could argue for a tolling of the "thirty day" period until he did learn of his right to request expunction, but that he did not

timely request an expunction hearing even under that scenario. Counsel for the State stated: "I would urge the Court to go ahead and deny the Petition for Expunction as not being timely heard by the Court." When later questioned by the trial court, the State stated the court had no jurisdiction to grant an expunction based upon an acquittal after the thirtieth day. The State further responded that the subparts of article 55.01 were mutually exclusive: if all requisites of article 55.01(a)(1)(A) were not met, and if Bargas did not qualify for expunction under one of the other subparts of article 55.01, then he would not be entitled to expunction.

Counsel for the City of Portland responded that article 55.01(a)(1)(A) did not contemplate a civil proceeding, but rather that the matter be incorporated within the underlying criminal case. He urged that waiver of the thirty (30) day requirement would be inappropriate, first because it is a statutory requirement and the court had no authority to waive the requirement, and second because "this is an individual for whom notice was not necessary." Counsel for the City contended further that because Bargas is an attorney and ostensibly familiar with the law, had represented criminal defendants, and was represented in the underlying matter by counsel, there was no need for the trial court to have provided the admonishment.

Bargas asserted that he had indeed requested a hearing in his original petition, filed March 16, 2001. Bargas also argued that the court was required to admonish him of his right to an expunction but had not done so, and that the thirty day limitation applied to the trial court's duty to act, not to the defendant.

All participants at the hearing, including the trial court, had some difficulty deter-mining which version of the statute was applicable to the matter at hand. The trial court read the statute to require that Bargas's request for expunction be part of the underlying criminal proceeding, that the matter indicated a problem with jurisdiction, and denied the petition for expunction. The parties were invited to, but did not request, findings of fact or conclusions of law.

## III. ISSUE ON APPEAL

■ Bargas brings one issue on appeal: "whether a trial court that fails to admonish—regarding the new, statutory 30 day time limit for entering its order for expunction of criminal records following acquittal—thereby loses its jurisdiction to expunge, if a petitioner thereafter fails to file his petition to expunge within that 30 day window."

## IV. JURISDICTION AND STANDARD OF REVIEW

A court of appeals has jurisdiction under article V, section 6, of the Texas Constitution and under Texas Civil Practice and Remedies Code section 51.012[5] to entertain an appeal from a district court order relating to expunction of arrest records. TEX. CONST. art. V, § 6 (amended 1978); TEX. CIV. PRAC. & REM.CODE ANN. § 51.012 (Vernon 1997); *S.P. v. Dallas County Child Welfare Unit of Tex. Dep't of Human Res.*, 577 S.W.2d 385, 387–88 (Tex. Civ.App.–1979, writ ref'd n.r.e.).

### A. The Statutory Provision for Expunction

■■ A central purpose of the expunction statute is to allow a fresh start to individuals who have been wrongly charged. *Harris County Dist. Attorney's Office v. J.T.S.*, 807 S.W.2d 572, 574 (Tex.

---

5. Formerly TEX.REV.CIV. STAT. ANN. art. 2249.

1991); *Ex parte E.E.H.*, 869 S.W.2d 496, 498 (Tex.App.-Houston [1st Dist.] 1993, writ denied); *see also Heine v. Tex. Dep't of Pub. Safety,* 92 S.W.3d 642, 648 (Tex. App.-Austin 2002, pet. denied) (articulating the Legislature's intent to cure the evils attendant to wrongful arrests). It is designed to provide a means for those persons who have been arrested and indicted for a criminal offense as a result of mistake, false information, or other reason indicating the absence of probable cause for arrest or indictment, to expunge those records. *State v. Arellano,* 801 S.W.2d 128, 130 (Tex.App.-San Antonio 1990, no writ).

The statute also provides that a person is entitled to expunction of his records after an acquittal, so long as certain other conditions are satisfied. TEX.REV.CIV. STAT. ANN. art. 55.01(a)(1)(A) (Vernon Supp. 2004–05). The statute was amended and expanded in 1993 by the Texas Legislature to make expunction specifically available to "persons acquitted of or pardoned for offenses." *Ex parte Current,* 877 S.W.2d 833, 836 (Tex.App.-Waco 1994, no writ) (citing Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 7.02(a), (b), 1993 Tex. Gen. Laws 3763 (current version at TEX.CODE CRIM. PROC. ANN. arts. 55.01 and 55.02) (Vernon Supp.2004–05)). The Legislature further provided that expunction was available to persons acquitted of or pardoned for offenses "regardless of whether the offense was committed before, on, or after the effective date of this article." *Id.*

Article 55.01 of the code of criminal procedure sets forth the substantive parameters for a person's right to expunction. Article 55.01(a)(1)(A), entitled "Right to

Expunction," at all times relevant to the underlying matter, provided that:

> A person who has been arrested for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if: (1) the person is tried for the offense for which the person was arrested and is: (A) acquitted by the trial court, except as provided by Subsection (c) of this section ...

TEX.CODE CRIM. PROC. ANN. art. 55.01(a)(1)(A) (*amended by* Act of June 18, 1999, 76th Leg., R.S., ch. 1236, § 1, 1999 Tex. Gen. Laws 4279, *amended by* Act of April 10, 2001, 77th Leg., R.S., ch. 1021 § 1, 2001 Tex. Gen. Laws 2236, 2238, *amended by* Act of May 28, 2003, 78th Leg., R.S., ch.1236, § 1, 2003 Tex. Gen. Laws 3449, 3502.).[6] Subsection (c) was amended in 1999 to provide that expunction will not be available unless the person also establishes that he or she has not been convicted of a felony in the five years preceding the date of the arrest. TEX. CODE CRIM. PROC. ANN. art. 55.01(c) (*amended by* Act of June 18, 1999, 76th Leg., R.S., ch. 1236, § 1, 1999 Tex. Gen. Laws 4279–80).

Article 55.02 was similarly amended in 1999 to alter the procedure by which a defendant might secure expunction:

> At the request of the defendant and after notice to the state and a hearing,[7] the trial court presiding over the case in which the defendant was acquitted shall enter an order of expunction for a person entitled to expunction under art. 55.01(a)(1)(A) not later than the thirtieth (30th) day after the date of the acquittal. Upon acquittal, the trial court shall advise the defendant of the right to ex-

---

**6.** The 1999 amendments, effective August 30, 1999, were not retroactive. *See* Act of June 18, 1999, 76th Leg., R.S., ch. 1236, § 5, 1999 Tex. Gen. Laws 4282.

**7.** The requirement for a hearing was eliminated by Act of June 20, 2003, 78th Leg., R.S., ch. 404, 2003 Tex. Gen. Laws 1652–53 (effective September 1, 2003).

punction. The defendant shall provide to the court all of the information required under Section 2(b).

TEX.CODE CRIM. PROC. ANN. art. 55.02(1) (*amended by* Act of June 18, 1999, 76th Leg., R.S., ch. 1236, § 1, 1999 Tex. Gen. Laws 4280–82, *amended by* Act of May 28, 2003, 78th Leg., R.S., ch. 404, § 1, 2003 Tex. Gen. Laws 1652, 1653).[8] Article 55.02(2) sets forth the very specific components that must be included in any petition for expunction.

However, our inquiry does not stop here. We must also note that substantive portions of the expunction statute were further amended in 2003, after the events in issue here. These amendments created two versions of article 55.02 section (a)(2). *See* Act of June 18, 2003, 78th Leg., R.S., ch. 339, §§ 2, 3, 2003 Tex. Gen. Laws 1490–91 (effective September 1, 2003), and Act of June 20, 2003, 78th Leg., R.S., ch. 1236, § 2, 2003 Tex. Gen. Laws 3500. This latter act also amended article 55.01, section 1, and article 55.03, section 3. *See id.*, 2003 Tex. Gen. Laws 3499, 3500.

This latter Act operated to eliminate the distinction in procedure that previously existed for persons qualifying for expunction under either article 55.01(a)(1)(A), 55.01(a)(1)(B), or 55.01(b). *See* Act of June 20, 2003, 78th Leg., R.S., ch. 1236, § 2, 2003 Tex. Gen. Laws 3500. This version of article 55.02(2) provides that a person who is entitled to expunction of records and files under article 55.01(a) or (d), or a person who is eligible for expunction of records and files under article 55.01(b), may file an ex parte petition in a district court in the county where the offense was alleged to have occurred. *Id.* This is the procedure Bargas appears to have followed. Importantly, we note further that Chapter 1236, although effective September 1, 2003, was expressly made retroactive:

> The changes in law made by this Act to Chapter 55, Code of Criminal Procedure, apply to a person seeking expunction of records and files relating to an arrest regardless of whether the arrest occurred before, on, or after the effective date of this Act.

Act of June 20, 2003, 78th Leg., R.S., ch. 1236, § 6(a), 2003 Tex. Gen. Laws 3502.

## B. Standard of Review

■ We generally review the granting or denial of expunction under an abuse of discretion standard. *Heine*, 92 S.W.3d at 646. Many expunction proceedings fall under section 55.01(b), which provides that the trial court "may" expunge the records. An applicant who meets these criteria places the decision on the motion to expunge within the sound discretion of the trial court. *Ex Parte Current*, 877 S.W.2d at 836. However, this matter, involving an acquittal, falls under article 55.01(a). The sections of the statute are distinctly different, with article 55.01(a) providing an entitlement to expunction of criminal records. *See* TEX.CODE CRIM. PROC. ANN. art. 55.01(a) (Vernon Supp.2004–05). Once an applicant demonstrates his eligibility under the provisions of this section, the court has no discretion to refuse to order the records expunged. *Ex Parte Current*, 877 S.W.2d at 836; *see also Heine*, 92 S.W.3d at 648.

8. The importance the Legislature attached to this particular statute is reflected in the language of the 1999 amendment: "The importance of this legislation and the crowded condition of the calendars in both houses create an emergency and an imperative public necessity that the constitution rule requiring bills to be read on three several days in each house be suspended, and this rule is hereby suspended, and that this Act take effect and be in force from and after its passage and it is so enacted." Act of June 18, 1999, 76th Leg., R.S., ch. 1236, § 7, 1999 Tex. Gen. Laws 4283.

The court similarly must comply with the statutorily required admonishment. TEX. CODE CRIM. PROC. ANN. art. 55.01(a) (Vernon Supp.2004–05).

In the circumstances of this case, there are no issues of fact in dispute. Instead, we are reviewing the impact of the trial court's failure to properly admonish Bargas, and Bargas's entitlement to expunction where the request for and hearing on expunction did not occur within the thirty (30) day time frame specified by article 55.02(1). Because the only issue presented for review is one of statutory construction, involving purely legal determinations, the proper standard of review is de novo. *See Tex. Dep't of Transp. v. Needham*, 82 S.W.3d 314, 318 (Tex.2002); *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992); *Tex. Dep't of Pub. Safety v. Loeb*, 149 S.W.3d 741, 743 (Tex.App.-Austin 2004, no pet.).

## V. ANALYSIS

### A. There Is No Constitutional Issue

■ We note first Bargas's suggestion, articulated in his prayer for relief, that the refusal of the trial court to expunge his criminal records in effect denied him due process. We reject that contention, and find no question of a constitutional level in this appeal. The right to expunction is neither a common law nor a constitutional right; rather, it exists as a statutory privilege which is granted and therefore can be limited by the Legislature. *McCarroll v. Tex. Dep't of Pub. Safety*, 86 S.W.3d 376, 378 (Tex.App.-Fort Worth 2002, no pet.); *State v. Autumn Hills Ctrs., Inc.*, 705 S.W.2d 181, 182 (Tex.App.-Houston [14th Dist.] 1985, no writ).

### B. Expunction is Not Barred By a Lack of Jurisdiction

#### 1. Petitioner's Burden

■ Bargas is entitled to expunction only if all the statutory conditions are met.

*Tex. Dep't of Pub. Safety v. Williams*, 76 S.W.3d 647, 650 (Tex.App.-Corpus Christi 2002, no pet.); *Harris County Dist. Attorney's Office v. D.W.B.*, 860 S.W.2d 719, 721 (Tex.App.-Houston [1st Dist.] 1993, no writ). Where a cause of action is derived solely from a statute, the statutory provisions are mandatory, exclusive, and must be complied with or the action is not maintainable. *Autumn Hills*, 705 S.W.2d at 182 (citing *Schwantz v. Texas Dep't of Pub. Safety*, 415 S.W.2d 12, 15 (Tex.Civ. App.-Waco 1967, writ ref'd)); *Rowden v. Tex. Catastrophe Prop. Ins. Ass'n*, 677 S.W.2d 83, 87 (Tex.App.-Corpus Christi 1984, writ ref'd n.r.e.). Because expunction is a statutorily created remedy, strict compliance with the statute is required; substantial compliance with statutory expunction requirements will not suffice. *Carson v. State*, 65 S.W.3d 774, 781–82 (Tex.App.-Fort Worth 2001, no pet.). By the same token, the expunction statute is remedial in nature and should be given the most comprehensive construction possible. *Id.* at 780.

■ Additionally, an expunction proceeding is civil rather than criminal in nature, and the burden of proving compliance with statutory conditions rests solely with the petitioner. *See Houston Police Dep't v. Berkowitz*, 95 S.W.3d 457, 460 (Tex.App.-Houston [1st Dist.] 2002, pet. denied); *Heine*, 92 S.W.3d at 646; *McCarroll*, 86 S.W.3d at 378; *Kendall v. State*, 997 S.W.2d 630, 631 (Tex.App.-Dallas 1998, pet. denied); *Ex parte Scott*, 818 S.W.2d 226, 227 (Tex.App.-Corpus Christi 1991, no writ). At an expunction hearing, each law enforcement agency cited is entitled to represent itself, and any reversal of an expunction order must encompass all agencies in possession of relevant criminal records. *Tex. Dep't of Pub. Safety v. Deck,*

954 S.W.2d 108, 113 (Tex.App.-San Antonio 1997, no writ) (en banc).

## 2. Statutory Construction

■ Our primary objective when construing a statute is to ascertain and give effect to the Legislature's intent. *See McIntyre v. Ramirez*, 109 S.W.3d 741, 745 (Tex.2003); *Kroger Co. v. Keng*, 23 S.W.3d 347, 349 (Tex.2000); TEX. GOV'T CODE ANN. §§ 311.021, 311.023, 312.005 (Vernon 1998). In discerning that intent, we begin with the plain and common meaning of the statute's words. *McIntyre*, 109 S.W.3d at 745. We must read the statute as a whole and not just isolated portions. *See City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex.2003). If the statutory language is unambiguous, we must interpret it according to its terms, giving meaning to the language consistent with other provisions in the statute. *See McIntyre*, 109 S.W.3d at 745. We also consider the objective the law seeks to obtain and the consequences of a particular construction. TEX. GOV'T CODE ANN. § 311.023(1), (5) (Vernon 1998); *see also McIntyre*, 109 S.W.3d at 745. When interpreting a statute, we are required to interpret an unambiguous statute literally, unless doing so would lead to an absurd result. *See Griffith v. State*, 116 S.W.3d 782, 785 (Tex.Crim.App.2003). Only when a literal reading of the statute leads to an absurd result will we resort to the use of extra-textual factors to determine legislative intent. *Id.* We presume that the Legislature would not do a useless act. *Webb County Appraisal Dist. v. New Laredo Hotel, Inc.*, 792 S.W.2d 952, 954 (Tex.1990).

■ A court has no equitable power or discretion to extend the clear meaning of the expunction statute. *Thomas v. State*, 916 S.W.2d 540, 543 (Tex.App.-Waco 1995, no writ); *Harris County Dist. Attorney's Office v. M.G.G.*, 866 S.W.2d 796, 798 (Tex.

App.-Houston [14th Dist.] 1993, no writ) (opin. on reh'g); *Herron v. State*, 821 S.W.2d 329, 330 (Tex.App.-Dallas 1991, no writ); *Knight*, 813 S.W.2d at 212. We remain mindful, however, that because the statute is remedial it is to be construed liberally. *Arellano*, 801 S.W.2d at 130.

## 3. The Trial Court Did Not Lack Jurisdiction Over the Expunction Proceeding

Bargas, on the face of his petition, was entitled to expunction of his criminal records under section 55.01(a)(1)(A) as it is currently written (which derives from the 1999 amendment). *See* Act of June 18, 1999, 76th Leg., R.S., ch. 1236, § 1, 1999 Tex. Gen. Laws 4279. As noted above, qualification for expunction under this section amounts to an entitlement to expunction. When article 55.01 was expanded by the Legislature in 1993 to extend the relief of expunction to those who had been acquitted (Act of June 19, 1993, R.S., ch. 900, § 7.02(a), 1993 Tex. Gen. Laws 3763), it was also made retroactive. *Id.* at § 7.02(b). We interpret that legislative intent to mean that this provision be liberally construed or broadly applied.

Bargas was denied expunction based upon his failure to comply with art. 55.02(1), which prescribes the procedural protocol for bringing a request for expunction to the trial court when a defendant has been acquitted. However, as we discussed above, 2003 amendments to Chapter 55 of the code of criminal procedure included changes that necessarily impact persons acquitted of a crime, and they now also fall within the parameters of article 55.02(2), as amended. The amendment eliminated the distinction in procedure which previously existed, depending upon whether the petitioner qualified for expunction under articles 55.01(a)(1)(A), 55.01(a)(1)(B), art. 55.01(b), or art.

55.01(d). *See* Act of June 20, 2003, 78th Leg., R.S., ch. 1236 §§ 1, 2, 2003 Tex. Gen. Laws 3499–3500. Further, this 2003 amendment was made to apply retroactively. *Id.* at § 6, 2003 Tex. Gen. Laws 3502.[9]

Bargas's petition was therefore impacted by this amendment which broadened the availability of relief under article 55.02(2) so that it now extends to persons who qualify for expunction under 55.01(a)(1)(A). A person who has been acquitted of a crime is also necessarily a person who was arrested. We conclude that article 55.02(2), as amended, does apply to Bargas, albeit by retroactive application of the law. We therefore construe this amendment to the statute to provide that Bargas was entitled to bring an ex parte petition for expunction in the court in which the offense was alleged to have occurred. Bargas is no longer limited to the single procedure set out in article 55.02(1), bringing the matter forward in the underlying criminal matter and resolving it within thirty days of acquittal. Therefore, any failure by Bargas to strictly adhere to the requirements of article 55.02(1) will not preclude him from the relief of expunction. This position is consistent with the basic rule that a procedure to request an expunction is a civil matter, and not a criminal one. It is further consistent with the legislative intent to make expunction broadly available to those who have been either acquitted, or wrongfully arrested.

We therefore determine that the trial court had jurisdiction to review and decide Bargas's petition for expunction. We have already concluded that the petition was filed in a proper district court.

### 4. The Applicable Procedure and Legislative Intent

■ Article 55.02(1) sets forth a procedure by which a defendant who is acquitted is entitled to virtually automatic expunction. Certain prerequisites must be satisfied, including the provision of adequate information to the trial court. Article 55.02(1) requires that the trial court admonish the acquitted defendant of his right to expunction, and further that expunction be addressed and entered within thirty (30) days of the acquittal. The apparent legislative intent is that an acquitted defendant is entitled to have his record cleared as expeditiously as possible. The legislative amendments of this portion of the law have been directed to either expanding availability of expunction or to facilitating the procedure by which expunction may be obtained. We interpret the amendments of 1999, which incorporated the thirty day limitation, as an effort to expedite access to the remedy of expunction and not as an effort to narrow its availability. This interpretation is reinforced by the Legislature's subsequent amendments in 2003.

We must next determine whether the retroactive amendment to article 55.02(2)(a), applying as it does to Bargas's petition, provides for an alternative by which there is no requirement that expunction occur within thirty days of acquittal or the right to expunction is otherwise lost. The State argues that Bargas essentially "slumbered on his rights" in failing

---

9. The nearly contemporaneous act, which also modified article 55.02 did not make this same change. The two versions of article 55.02(2) now exist simultaneously. Chapter 339 was not made retroactive. *See* Act of June 18, 2003, 78th Leg., R.S., ch. 339, §§ 2, 3, 4, 2003 Tex. Gen. Laws 1490–91. We note further that an additional statute passed by the same Legislature modified 55.01(a)(1) by eliminating the requirement of a hearing. That statute also was not made retroactive. *See* Act of June 20, 2003, 78th Leg., ch. 404, 2003 Tex. Gen. Laws 1652–53.

to make a timely request which would bar him from this relief.

We conclude that a petition for expunction under article 55.02(2)(a) has no thirty day time limit on the availability of this remedy.

At the hearing, the trial court inquired not only as to its jurisdiction to grant expunction, but also as to the applicability of article 55.02(2)(c). This provision (which has not been modified since the events in question) requires that a hearing be set on a petition for expunction no *sooner* than thirty days from the filing of the petition. TEX.CODE CRIM. PROC. ANN. art. 55.02(c) (Vernon Supp.2004–05). The record reflects that this provision may have been confused with that part of article 55.02(1) which calls for a hearing no *later* than thirty days from the date of acquittal. TEX.CODE CRIM. PROC. ANN. art. 55.02(1) (Vernon Supp.2004–05). All parties in this matter agree that proper notice was provided to all state agencies, and that the hearing did not occur sooner than thirty days from the filing of the petition.[10]

## VI. CONCLUSION

We conclude that the subsequent 2003 amendment to article 55.02 (Act of June 20, 2003, 78th Leg., ch. 1236, §§ 1, 2, 6, 2003 Tex. Gen. Laws 3499–3500) extended availability of the procedure identified in article 55.02(2) to individuals entitled to expunction under article 55.01(a)(1)(A). We further conclude that the 2003 amendment is to be applied retroactively. *Id.* at § 6, 2003 Tex. Gen. Laws 3502.

We therefore conclude that the trial court had jurisdiction to hear Bargas's petition for expunction, and that the expunction was not barred by Bargas's failure to

either bring the matter forward in the underlying criminal matter, or to request and secure a hearing and ruling on the expunction within thirty days of the acquittal. We conclude that the error complained of "probably caused the rendition of an improper judgment" and is therefore reversible error. TEX.R.APP. P. 44.1(a)(1). Because we reach this conclusion, we need not assess the impact of the trial court's failure to properly admonish Bargas.

We reverse and remand.

---

10. Article 55.02(2)(c), prior to the retroactive amendments of 2003, did not apply to a person entitled to expunction of records filing under section 55.01(a)(1)(A). It applied to those individuals applying for expunction under articles 55.01(a)(1)(B), 55.01(a)(2), or 55.01(b).