COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-165-CV

 

 

TEXAS DEPARTMENT OF                                                      APPELLANT

PUBLIC
SAFETY

 

                                                   V.

 

JASON COOPER                                                                    APPELLEE

 

                                              ------------

 

            FROM
THE 211TH DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








The Texas Department of
Public Safety (ADPS@) appeals the trial court=s granting of appellee Jason Cooper=s petition for expunction under Texas Code of Criminal Procedure
article 55.01.  In this restricted
appeal, DPS argues that the trial court abused its discretion because both
Cooper=s petition and the trial court=s order of expunction are missing information required by
statute.  Because we hold that Cooper=s petition contains the information alleged to be missing by DPS but
that the trial court=s order does
not meet the requirements of Texas Code of Criminal Procedure article 55.02,
section 3(b), we affirm in part and reverse in part.

Facts

Jason Cooper filed a petition
under Texas Code of Criminal Procedure article 55.01 to expunge his arrest for
obtaining property through a false statement and a charge of unauthorized use
of a motor vehicle.  DPS=s answer contained an affirmative defense and a general denial, as
well as special exceptions alleging that the petition did not contain
information required by Texas Code of Criminal Procedure article 55.02, section
3, specifically (1) Cooper=s address at the time of each arrest and (2) the arrest he wished to
expunge from his record.  We note that
the record does not reflect that DPS ever sought or obtained a ruling on its
special exceptions. The trial court granted Cooper=s petition and entered an order of expunction that  DPS alleges does not contain Cooper=s address at the time of each arrest, the arrest he wished to expunge
from his record, his full name, his driver=s license number, his social security number, the date the offense
charged against Cooper was allegedly committed, the date he was arrested, or
the tracking incident number.

 








Standard
of Review

We review for an abuse of
discretion a trial court=s ruling on a
petition for expunction.[2]  To determine whether a trial court abused its
discretion, we must decide whether the trial court acted without reference to
any guiding rules or principles; in other words, we must decide whether the act
was arbitrary or unreasonable.[3]  A trial court abuses its discretion if it
misapplies the law to established facts.[4]

Analysis








Article 55.01 of the Texas
Code of Criminal Procedure creates the right to expunction of a criminal record
in certain circumstances, and article 55.02 sets out the requirements for a
petition seeking expunction.[5]  The provisions of article 55.02 are mandatory
and must be complied with for a petitioner to be entitled to expunction.[6]  DPS=s sole issue contends that the trial court abused its discretion by
entering an order of expunction missing information required by statute, not
that the trial court abused its discretion by entering an order granting
expunction based on a petition missing information required by statute.  DPS=s brief, however, contends that Cooper=s petition is insufficient under the statute.  Construing DPS=s brief liberally,[7]
we conclude that DPS also raises the issue that the trial court abused its
discretion by granting a petition for expunction that did not comply with
article 55.02.  We determine this issue
first.








DPS asserts that Cooper=s petition failed to identify the offense charged against him in that
the petition only states that he wishes to expunge a Athird degree felony.@  But in the first paragraph of
the petition, Cooper moves to expunge his record of arrest Afor the charge of obtaining property through a false statement.@[8]  Cooper=s petition thus clearly does state the offense charged against him.

DPS also argues that the
petition failed to provide Cooper=s address at the time of each arrest. 
But the statute requires only that the petition provide an Aaddress at time of arrest@ and does not specify whether the petitioner must set out the address
again for each offense to be expunged. The statute requires that the petition
contain the following information:

(1)    the petitioner=s:

 

(A)    full name;

 

(B)    sex;

 

(C)    race;

 

(D)    date of birth;

 

(E)    driver=s license number;

 

(F)     social security number; and

 

(G)    address at the time of the arrest;

 

(2)    the offense charged against the petitioner;

 

(3)    the date the offense
charged against the petitioner was alleged to have been committed;








(4)    the date the petitioner was arrested;        

 

(5)    the name of the county
where the petitioner was arrested and if the arrest occurred in a municipality,
the name of the municipality;

 

(6)    the name of the agency that arrested the petitioner;

 

(7)    the case number and court of offense; and 

 

(8)    a list of all law
enforcement agencies . . . and other officials or agencies or other entities of
this state . . . that the petitioner has reason to believe have records or
files that are subject to expunction.[9]

 

Cooper=s petition tracks the statute, setting out first the information
specific to the petitioner, as required in (b)(1), and then providing
information specific to each offense that the petitioner wishes to expunge, as
required by (b)(2) through (b)(8).








Compliance with the statute
is mandatory,[10]
but on its face the petition appears to comply with the statute.  Cooper=s petition states Aaddress at time of arrest,@ the language of the statute, and then lists an address in The Colony,
Texas.  Nothing in the petition suggests
that the address was Cooper=s address at the time of only one of the arrests that he wished to
have expunged. The statute does not expressly require that the petition set out
the information required in (b)(1)(B) through (b)(1)(G) separately for each
offense to be expunged, and we decline to interpret the statute to contain such
a requirement.[11]  DPS argues that the petitioner, in his
petition, Ais required
by statute to include information in the petition informing the respondents and
court exactly who and what to expunge.@  The petition here clearly does
that, and holding a petition noncompliant that includes the information
required by the statute but not in the exact format desired by DPS would be an
absurd result.[12]  Because an address was included in the
petition, no error is apparent on the face of the record with respect to this
element.  We therefore cannot say based
on this ground that the trial court abused its discretion in granting the
petition.








We hold that the petition did
not fail to provide Cooper=s address at the time of the arrest and the offense charged against
him.  DPS alleged no other grounds for
appealing the trial court=s grant of
Cooper=s petition.  We therefore hold
that the trial court did not abuse its discretion by granting Cooper=s petition, and we affirm the trial court=s judgment as to this issue.[13]

We next consider DPS=s argument that the trial court abused its discretion by entering an
order lacking information required by statute. 
Article 55.02, section 3(b) states that:

(b)    The order of expunction
entered by the court . . . shall include:

 

(1)    the following information
on the person who is the subject of the expunction order:

 

(A)    full name;

 

(B)    sex;

 

(C)    race;

 

(D)    date of birth;

 

(E)    driver=s
license number; and

 

(F)     social security number;

 

(2)    the offense charged
against the person who is the subject of the expunction order;

 

(3)    the date the person who is the subject of
the expunction order was arrested;

 

(4)    the case number and court
of offense; and








(5)    the tracking incident
number (TRN) assigned to the individual incident of arrest under Article
60.07(b)(1) by the Department of Public Safety.[14]

 

DPS is correct that the order
entered by the trial court does not contain information required by the
statute, specifically Cooper=s address at the time of each arrest, his full name, his driver=s license number, his social security number, and the tracking
incident number assigned by DPS itself. 
We therefore hold that the order does not comply with article 55.02,
section 3(b) and that the trial court abused its discretion by entering the
order.[15]  Accordingly, we sustain this issue and
reverse and remand in part with instructions to the trial court to enter an
order of expunction providing the omitted information.

Conclusion








Having overruled DPS=s challenge to the grant of expunction, and having sustained DPS=s challenge to the form of the order as entered, we affirm the
expunction, but we reverse and remand in part to the trial court so that it
may  enter a corrected order of
expunction that contains the omitted information as required by article 55.02,
section 3(b).

 

LEE ANN DAUPHINOT

JUSTICE

PANEL A:   CAYCE, C.J.;
LIVINGSTON and DAUPHINOT, JJ.

DELIVERED: 
March 15, 2007











[1]See Tex. R. App. P. 47.4.





[2]Bargas
v. State, 164 S.W.3d 763, 770 (Tex. App.CCorpus
Christi 2005, no pet.); Heine v. Tex. Dep=t of
Pub. Safety, 92 S.W.3d 642, 646 (Tex. App.CAustin
2002, pet. denied).





[3]Downer
v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42
(Tex. 1985), cert. denied, 476 U.S. 1159 (1986).





[4]State
v. Southwestern Bell Tel. Co., 526 S.W.2d 526, 528 (Tex.
1975); In re Talco-Bogata Consol. Indep. Sch. Dist. Bond Election, 994
S.W.2d 343, 347 (Tex. App.CTexarkana 1999, no pet.).





[5]See Tex. Code Crim. Proc. Ann.
arts. 55.01, 55.02 (Vernon 2006).





[6]Heine, 92
S.W.3d at 648; see also Tex. Dep=t of
Pub. Safety v. Deck, 954 S.W.2d 108, 112 (Tex. App.CSan
Antonio 1997, no writ) (stating that the Aprocedures listed in article
55.02 are mandatory and must be complied with in an expunction proceeding@).





[7]See Tex. R. App. P. 38.9; see also Tex. R. App. P. 38.1(e).





[8]See Tex. Penal Code Ann. '
32.32(c) (Vernon 2003) (AAn
offense under this section is . . . a felony of the third degree if the value
of the property or the amount of credit is $20,000 or more but less than
$100,000@).





[9]Tex. Code Crim. Proc. Ann. art.
55.02 '
2(b).





[10]Deck, 954
S.W.2d at 112.





[11]Sharp
v. House of Lloyd, Inc., 815 S.W.2d 245, 249 (Tex. 1991)
(stating that A[i]nterpretations
of statutes which would produce absurd results are to be avoided@).





[12]See
Bargas, 164 S.W.3d at 772 (stating that A[a] court has no equitable
power or discretion to extend the clear meaning of the expunction statute@ but
that Abecause
the statute is remedial it is to be construed liberally@); see
also Ex parte Thomas, 956 S.W.2d 782, 788 (Tex. App.CWaco
1997, no pet.) (considering that construing the statute liberally means that
the statute should be interpreted Ain such a manner as to
achieve its purpose@).





[13]See
Pat Baker Co., Inc. v. Wilson, 971 S.W.2d 447, 450 (Tex.
1998) (stating it Ais
axiomatic that an appellate court cannot reverse a trial court=s
judgment absent properly assigned error@).





[14]Tex. Code Crim. Proc. Ann. art.
55.02 '
3(b).





[15]See
Tex. Dep=t of
Pub. Safety v. Moore, 51 S.W.3d 355, 357-58 (Tex. App.CTyler
2001, no pet.); see also Retzlaff v. State, No. 03-00-00339-CV, 2000 WL
1587661, at *2 (Tex. App.CAustin
2000, no pet.) (not designated for publication) (holding that the trial court=s
expunction order was deficient because it did not contain all of the
information required by article 55.02 and affirming the order as modified).