COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-165-CV

TEXAS DEPARTMENT OF APPELLANT

PUBLIC SAFETY

V.

JASON COOPER APPELLEE

------------

FROM THE 211TH DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

The Texas Department of Public Safety (“DPS”) appeals the trial court’s granting of appellee Jason Cooper’s petition for expunction under Texas Code of Criminal Procedure article 55.01.  In this restricted appeal, DPS argues that the trial court abused its discretion because both Cooper’s petition and the trial court’s order of expunction are missing information required by statute.  Because we hold that Cooper’s petition contains the information alleged to be missing by DPS but that the trial court’s order does not meet the requirements of Texas Code of Criminal Procedure article 55.02, section 3(b), we affirm in part and reverse in part.

Facts

Jason Cooper filed a petition under Texas Code of Criminal Procedure article 55.01 to expunge his arrest for obtaining property through a false statement and a charge of unauthorized use of a motor vehicle.  DPS’s answer contained an affirmative defense and a general denial, as well as special exceptions alleging that the petition did not contain information required by Texas Code of Criminal Procedure article 55.02, section 3, specifically (1) Cooper’s address at the time of each arrest and (2) the arrest he wished to expunge from his record.
  We note that the record does not reflect that DPS ever sought or obtained a ruling on its special exceptions. The trial court granted Cooper’s petition and entered an order of expunction that  DPS alleges does not contain Cooper’s address at the time of each arrest, the 
arrest he wished to expunge from his record, his full name, his driver’s license number, his social security number, the date the offense charged against Cooper was allegedly committed, the date he was arrested, or the tracking incident number.

Standard of Review

We review for an abuse of discretion a trial court’s ruling on a petition for expunction.
(footnote: 2)  To determine whether a trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles; in other words, we must decide whether the act was arbitrary or unreasonable.
(footnote: 3) 
 A trial court abuses its discretion if it misapplies the law to established facts.
(footnote: 4)
Analysis

Article 55.01 of the Texas Code of Criminal Procedure creates the right to expunction of a criminal record in certain circumstances, and article 55.02 sets out the requirements for a petition seeking expunction.
(footnote: 5)  The provisions of article 55.02 are mandatory and must be complied with for a petitioner to be entitled to expunction.
(footnote: 6)  DPS’s sole issue contends that the trial court abused its discretion by entering an order of expunction missing information required by statute, not that the trial court abused its discretion by entering an order granting expunction based on a petition missing information required by statute.  DPS’s brief, however, contends that Cooper’s petition is insufficient under the statute.  Construing DPS’s brief liberally,
(footnote: 7) we conclude that DPS also raises the issue that the trial court abused its discretion by granting a petition for expunction that did not comply with article 55.02.  We determine this issue first.

DPS asserts that Cooper’s petition failed to identify the offense charged against him in that the petition only states that he wishes to expunge a “third degree felony.”  But in the first paragraph of the petition, Cooper moves to expunge his record of arrest “for the charge of obtaining property through a false statement.”
(footnote: 8)  Cooper’s petition thus clearly does state the offense charged against him.

DPS also argues that the petition failed to provide Cooper’s address at the time of each arrest.  But the statute requires only that the petition provide an “address at time of arrest” and does not specify whether the petitioner must set out the address again for each offense to be expunged. The statute requires that the petition contain the following information:

(1) the petitioner’s:

(A) full name;

(B) sex;

(C) race;

(D) date of birth;

(E) driver’s license number;

(F) social security number; and

(G) address at the time of the arrest;

(2) the offense charged against the petitioner;

(3) the date the offense charged against the petitioner was alleged to have been committed;

(4) the date the petitioner was arrested; 

(5) the name of the county where the petitioner was arrested and if the arrest occurred in a municipality, the name of the municipality;

(6) the name of the agency that arrested the petitioner;

(7) the case number and court of offense; and 

(8) a list of all law enforcement agencies . . . and other officials or agencies or other entities of this state . . . that the petitioner has reason to believe have records or files that are subject to expunction.
(footnote: 9)

Cooper’s petition tracks the statute, setting out first the information specific to the petitioner, as required in (b)(1), and then providing information specific to each offense that the petitioner wishes to expunge, as required by (b)(2) through (b)(8).

Compliance with the statute is mandatory,
(footnote: 10) but on its face the petition appears to comply with the statute.  Cooper’s petition states “address at time of arrest,” the language of the statute, and then lists an address in The Colony, Texas.  Nothing in the petition suggests that the address was Cooper’s address at the time of only one of the arrests that he wished to have expunged. The statute does not expressly require that the petition set out the information required in (b)(1)(B) through (b)(1)(G) separately for each offense to be expunged, and we decline to interpret the statute to contain such a requirement.
(footnote: 11)  DPS argues that the petitioner, in his petition, “is required by statute to include information in the petition informing the respondents and court exactly who and what to expunge.”  The petition here clearly does that, and holding a petition noncompliant that includes the information required by the statute but not in the exact format desired by DPS would be an absurd result.
(footnote: 12)  Because an address was included in the petition, no error is apparent on the face of the record with respect to this element.  We therefore cannot say based on this ground that the trial court abused its discretion in granting the petition.

We hold that the petition did not fail to provide Cooper’s address at the time of the arrest and the offense charged against him.  DPS alleged no other grounds for appealing the trial court’s grant of Cooper’s petition.  We therefore hold that the trial court did not abuse its discretion by granting Cooper’s petition, and we affirm the trial court’s judgment as to this issue.
(footnote: 13)
 We next consider DPS’s argument that the trial court abused its discretion by entering an order lacking information required by statute.  Article 55.02, section 3(b) states that:

(b) The order of expunction entered by the court . . . shall include:

(1) the following information on the person who is the subject of the expunction order:

(A) full name;

(B) sex;

(C) race;

(D) date of birth;

(E) driver’s license number; and

(F) social security number;

(2) the offense charged against the person who is the subject of the expunction order;

(3) the date the person who is the subject of the expunction order was arrested;

(4) the case number and court of offense; and

(5) the tracking incident number (TRN) assigned to the individual incident of arrest under Article 60.07(b)(1) by the Department of Public Safety.
(footnote: 14)

DPS is correct that the order entered by the trial court does not contain information required by the statute, specifically Cooper’s address at the time of each arrest, his full name, his driver’s license number, his social security number, and the tracking incident number assigned by DPS itself.  We therefore hold that the order does not comply with article 55.02, section 3(b) and that the trial court abused its discretion by entering the order.
(footnote: 15)  Accordingly, we sustain this issue and reverse and remand in part with instructions to the trial court to enter an order of expunction providing the omitted information.

Conclusion

Having overruled DPS’s challenge to the grant of expunction, and having sustained DPS’s challenge to the form of the order as entered, we affirm the expunction, but we reverse and remand in part to the trial court so that it may  enter a corrected order of expunction that contains the omitted information as required by article 55.02, section 3(b).

LEE ANN DAUPHINOT

JUSTICE

PANEL A: CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

DELIVERED:  
March 15, 2007

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
Bargas v. State
, 164 S.W.3d 763, 770 (Tex. App.—Corpus Christi 2005, no pet.);
 Heine v. Tex. Dep’t of Pub. Safety
, 92 S.W.3d 642, 646 (Tex. App.—Austin 2002, pet. denied).

3:
Downer v. Aquamarine Operators
,
 Inc.
, 701 S.W.2d 238, 241-42 (Tex. 1985), 
cert. denied
, 476 U.S. 1159 (1986).

4:
State v. Southwestern Bell Tel. Co.
, 526 S.W.2d 526, 528 (Tex. 1975); 
In re Talco-Bogata Consol. Indep. Sch. Dist. Bond Election
, 994 S.W.2d 343, 347 (Tex. App.—Texarkana 1999, no pet.).

5:
See 
Tex. Code Crim. Proc. Ann.
 arts. 55.01, 55.02 (Vernon 2006).

6:
Heine
, 92 S.W.3d at 648
; 
see also
 
Tex. Dep’t of Pub. Safety v. Deck
, 954 S.W.2d 108, 112 (Tex. App.—San Antonio 1997, no writ) (stating that the “procedures listed in article 55.02 are mandatory and must be complied with in an expunction proceeding”).

7:
See 
Tex. R. App. P.
 38.9; 
see also 
Tex. R. App. P.
 38.1(e).

8:
See
 
Tex. Penal Code Ann.
 § 32.32(c) (Vernon 2003) (“An offense under this section is . . . a felony of the third degree if the value of the property or the amount of credit is $20,000 or more but less than $100,000”).

9:
Tex. Code Crim. Proc. Ann.
 art. 55.02 § 2(b).

10:
Deck
, 954 S.W.2d at 112.

11:
Sharp v. House of Lloyd
,
 Inc.
, 815 S.W.2d 245, 249 (Tex. 1991) (stating that “[i]nterpretations of statutes which would produce absurd results are to be avoided”).

12:
See Bargas
, 164 S.W.3d at 772 (stating that “[a] court has no equitable power or discretion to extend the clear meaning of the expunction statute” but that “because the statute is remedial it is to be construed liberally”); 
see also Ex parte Thomas
, 956 S.W.2d 782, 788 (Tex. App.—Waco 1997, no pet.) (considering that construing the statute liberally means that the statute should be interpreted “in such a manner as to achieve its purpose”).

13:
See 
Pat Baker Co., Inc. v. Wilson
, 971 S.W.2d 447, 450 (Tex. 1998)
 (stating it “is axiomatic that an appellate court cannot reverse a trial court’s judgment absent properly assigned error”).

14:
Tex. Code Crim. Proc. Ann.
 art. 55.02 § 3(b).

15:
See Tex. Dep’t of Pub. Safety v. Moore
, 51 S.W.3d 355, 357-58 (Tex. App.—Tyler 2001, no pet.);
 see also Retzlaff v. State
, No. 03-00-00339-CV, 2000 WL 1587661, at *2 (Tex. App.—Austin 2000, no pet.) (not designated for publication) (holding that the trial court’s expunction order was deficient because it did not contain all of the information required by article 55.02 and affirming the order as modified).