In The 



Court of Appeals


 

Ninth District of Texas at Beaumont


________________



NO. 09-08-00475-CV


 _____________________



KEVIN FELPS, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. X-826







MEMORANDUM OPINION


 Appellant Kevin Alan Felps appeals the trial court's order denying his petition for
expunction. We affirm the trial court's order.

 In response to Felps's petition, the State contended that the offense did not result in
an acquittal, but was instead dismissed in the interest of justice, and Felps had been convicted
of another felony in the five years preceding the date of his arrest. In his brief, Felps
acknowledges that the records he seeks to have expunged pertain to a charge of arson, and
he also acknowledges that the charge was dismissed in the interest of justice. We do not
have a record before us of the hearing, if any, on Felps's petition for expunction. In its order
denying Felps's petition for expunction, the trial court found "that the Petitioner is not
entitled to expunction of any records and files that are the subject of this petition." 

 In its letter brief on appeal, the State reiterated the arguments from the response it
filed with the trial court. The State also contended in its letter brief that the statute of
limitations for the offense with which Felps was charged is ten years, and that because the
date of Felps's alleged offense was October 2, 2007, the statute of limitations has not yet
expired. 

 Article 55.01 of the Texas Code of Criminal Procedure provides in part as follows:

 (a) A person who has been placed under a custodial or noncustodial arrest
for commission of either a felony or misdemeanor is entitled to have all
records and files relating to the arrest expunged if:


 (1) the person is tried for the offense for which the person was arrested and
is:

 

 (A) acquitted by the trial court . . . ; or

 

 (B) convicted and subsequently pardoned; or

 

 (2) each of the following conditions exist[s]:


 (A) an indictment or information charging the person with commission of
a felony has not been presented against the person for an offense arising out
of the transaction for which the person was arrested or, if an indictment or
information charging the person with commission of a felony was presented,
the indictment or information has been dismissed or quashed, and:


 (i) the limitations period expired before the date on which a petition for
expunction was filed under Article 55.02; or


 (ii) the court finds that the indictment or information was dismissed or
quashed because the presentment had been made because of mistake, false
information, or other similar reason indicating absence of probable cause at the
time of the dismissal to believe the person committed the offense or because
it was void;

 

 (B) the person has been released and the charge, if any, has not resulted in
a final conviction and is no longer pending and there was no court ordered
community supervision under Article 42.12 for any offense other than a Class
C misdemeanor; and


 (C) the person has not been convicted of a felony in the five years preceding
the date of the arrest.


Tex. Code Crim. Proc. Ann. art. 55.01(a) (Vernon 2006). 

 We review a trial court's order denying a petition for expunction under an abuse of
discretion standard. Bargas v. State, 164 S.W.3d 763, 770 (Tex. App.--Corpus Christi 2005,
no pet.). The petitioner has the burden of proving compliance with the conditions set forth
in the statute. Herron v. State, 821 S.W.2d 329, 330 (Tex. App.--Dallas 1991, no writ). 
Felps does not meet the requirements of article 55.01(a)(1), which requires that the person
was tried and either acquitted or subsequently pardoned. See Tex. Code Crim. Proc. Ann. 
art. 55.01(a)(1). Felps's petition fails to demonstrate that he has not been convicted of a
felony in the five years preceding his arrest. Felps's petition does not appear to meet the
requirements of article 55.01(a)(2). See Tex. Code Crim. Proc. Ann. art. 55.01(a)(2). 
Furthermore, although the statute requires a petition for expunction to be verified, Felps's
petition was not verified. See Tex. Code Crim. Proc. Ann. art. 55.02(2)(b) (Vernon Supp.
2008). The trial court did not abuse its discretion in denying the petition. We affirm the trial
court's order. 

 AFFIRMED.

 _________________________________

 DAVID GAULTNEY

 Justice 

Submitted on June 1, 2009

Opinion Delivered June 11, 2009 


Before Gaultney, Kreger, and Horton, JJ.