Opinion issued
June 16, 2011



In
The

Court of
Appeals

For
The

First District
of Texas

————————————

NO. 01-09-01058-CV

———————————

Michael Ellis Roberts, Appellant

V.

Texas
Department of Pardons and Parole, Appellee



 



 

On Appeal from the 234th
District Court

Harris County, Texas

Trial Court Case No. 2009-36193



 



 

 

MEMORANDUM  OPINION

          Appellant,
Michael Ellis Roberts, a pro se inmate, appeals the trial court’s judgment
denying his petition for expunction of his criminal records.  Roberts raises three issues in support of his
appeal.

          We
affirm.

Background

          On
June 8, 2008, Roberts filed a petition for expunction requesting the trial
court to order the expunction of records and files related to 19 criminal
offenses for which Roberts claims he was charged but never convicted.  Roberts identified, inter alia, the Texas Board of Pardons and Paroles as a public
entity possessing records and files that he sought to expunge.  In his petition, Roberts requested that the matter
be set for hearing.  

The Texas Board of Pardons
and Paroles filed an opposition to the expunction petition.  The Board argued, in part, that Roberts’s petition
failed to include information statutorily required to effectuate an
expunction.  The Harris County District
Attorney’s Office also filed a response to the petition for expunction. 

Without a hearing, the trial
court signed a judgment denying Robert’s petition for expunction.  Roberts filed a request for findings of fact
and conclusions of law.  The trial court denied
Robert’s request.  

This appeal followed.  In three issues, Roberts challenges the trial
court’s judgment denying his petition for expunction of records.  

 

 

Denial of Petition for
Expunction of Records

          In
his first issue, Roberts challenges the trial court’s denial of his petition
for expunction.  Specifically, Roberts frames
his issue as follows: “Trial court’s ruling rested necessarily on its notice of
unspecified court records from another court, and disposing with [sic] an evidentiary
hearing resulting in error.”  In his
second issue, Roberts complains that the “trial court erred in not providing a
bench warrant or other alternative means so he could attend hearing [sic]
denying his expunction petition.”  

          We review a trial court’s
decision on petition for expunction under an abuse of discretion.  See Heine
v. Tex. Dep’t of Pub. Safety, 92 S.W.3d 642, 646 (Tex. App.—Austin 2002, pet. denied).  However, here, Roberts’s appellate arguments
do not center on the trial court’s ruling on his petition; rather, Roberts
complains of the procedural mechanics underlying the ruling.  

Roberts first complains that
the trial court improperly took judicial notice “of unspecified court records
from another court.”  In support of this
argument, Roberts cites the following language from the trial court’s judgment:
“On this date came to be heard the petitioner’s petition for expunction.  Having considered the pleadings, the
responses and replies thereto, the Court is of the opinion that the petition
for expunction should be denied in its entirety.”  

Unlike Roberts, we do not
read this language to indicate that the trial court took judicial notice of
another court’s records.  A plain reading
of the judgment’s language indicates that the trial court relied on the filings
in this case relating to Robert’s expunction request, not those of another
court.  As Roberts acknowledges, a trial court
may properly deny an appellant’s expunction request based on the contents of the
court’s file when, for example, the petition fails to present any grounds for
expunction.  See Benner v. State, No. 02-07-00271-CV, 2008 WL 1932094, at *3
(Tex. App.—Fort Worth Jan. 1, 2008, pet. denied) (mem. op.). 

          In a
related argument, Roberts asserts that the trial court erred because it did not
hold a hearing on his petition for expunction.  The trial court is required to set a hearing
on a petition for expunction.  Tex. Code Crim. Proc. Ann. art. 55.02 §
2(c) (Vernon Supp. 2010); Tex. Dep’t. of
Pub. Safety v. Borhani, No. 03-08-00142-CV, 2008 WL 4482676, at *3 (Tex.
App.—Austin 2008, Oct. 3, 2008, no pet.) (mem. op.); McCarroll v. Texas Dep’t of Pub. Safety, 86 S.W.3d 376, 378 (Tex. App.—Fort Worth 2002, no pet.).  Such hearing, however, does not necessarily
have to be an oral hearing.  Borhani, 2008 WL 4482676, at *3; Ex parte Wilson, 224 S.W.3d 860, 863
(Tex. App.—Texarkana
2007, no pet.); Ex Parte Current, 877
S.W.2d 833, 839 (Tex. App.—Waco 1994, no writ); cf. Gulf Coast Inv. Corp. v. Nasa 1 Bus. Ctr., 754 S.W.2d 152, 153
(Tex. 1988) (providing that unless required by the express language or context
of particular rule of civil procedure, the term “hearing” does not necessarily
contemplate either a personal appearance before the court or an oral
presentation to the court).  A trial
court may rule on an expunction petition without conducting an oral hearing and
without considering live testimony if it has available the necessary proof to
satisfy the various requirements of the statute.  See Borhani,
2008 WL 4482676, at *3; Wilson, 224
S.W.3d at 863.

          In
this case, the trial court had before it all the information necessary to deny Roberts’s
expunction request.  Roberts’s petition,
on its face, did not comply with the basic requirements of Code of Criminal
Procedure article 55.02, which lists the requirements for an expunction
petition.  See Tex. Code Crim. Proc.
Ann. art. 55.02. Specifically, the statute requires that the petition
contain the following information:

(1) the petitioner’s:

 

(A) full name;

 

(B) sex;

 

(C) race;

 

(D) date of birth;

 

(E) driver’s license number;

 

(F) social security number; and

 

(G) address at the time of the
arrest;

 

(2) the offense charged against the petitioner;

 

(3) the date the offense charged against the petitioner
was alleged to have been committed;

 

(4) the date the petitioner was arrested;

 

(5) the name of the county where the petitioner was
arrested and if the arrest occurred in a municipality, the name of the
municipality;

 

(6) the name of the agency that arrested the petitioner;

 

(7) the case number and court of offense; and

 

(8) a list of all law enforcement agencies . . . and
other officials or agencies or other entities of this state . . . that the petitioner
has reason to believe have records or files that are subject to expunction.

 

Tex. Code Crim. Proc. Ann.
art. 55.02, § 2(b).

          In an
expunction proceeding, the procedures listed in article 55.02 are mandatory,
and a petitioner must comply with all of the enumerated requirements.  Ex parte
Jones, No. 10-10-00376-CV, 2011 WL 653182, *1 (Tex. App.—Waco Feb. 23,
2011, no. pet. h.) (citing Tex. Dep’t of
Pub. Safety v. Deck, 954 S.W.2d 108, 112 (Tex. App.—San Antonio 1997, no pet.)); see also Bargas v. State, 164 S.W.3d 763, 771 (Tex. App.—Corpus Christi 2005, no pet.)
(“Where a cause of action is derived solely from a statute, the statutory
provisions are mandatory, exclusive, and must be complied with or the action is
not maintainable.”).  A person’s
entitlement to expunction arises only after all statutory conditions have been
met, even if the person claims entitlement to expunction due to an acquittal.  Tex.
Dep’t of Pub. Safety v. J.H.J., 274 S.W.3d 803, 806 (Tex. App.—Houston [14th Dist.] 2008, no pet).
 The trial court must strictly comply
with the statutory requirements and has no equitable power to extend the
protections of the expunction statute beyond its stated provisions.  Id.;
see also Tex. Dep’t of Pub. Safety v.
Woods, 68 S.W.3d 179, 182 (Tex. App.—Houston [1st Dist.] 2002, no pet.).  

Here, Roberts’s expunction petition
failed to include all of the information required by article 55.02, section
2(b).  Specifically, the petition did not
state Roberts’s address at the time he was arrested for each criminal offense,
the county where he was arrested for each offense, or the name of the agency
that arrested him.  Although Roberts provided
the “filing” date for each offense, it is unclear whether the stated filing
dates correspond with the date each offense was charged against Roberts or
whether it corresponds with the date of his arrest for each offense.  

It was within the trial
court’s discretion to deny the expunction petition based on Roberts’s failure
to provide the information required by article 55.02, section 2(b).  See Jones,
2011 WL 653182 at *1 (holding that trial court did not abuse its discretion
when it denied expunction petition because appellant had failed to verify his petition
and had not provided his driver’s license number, his address at the time of
his arrest, or the date that the offense charged was alleged to have been
committed, as required by article 55.02). 
In other words, the trial court had before it the sufficient information
to deny Roberts’s expunction petition for noncompliance with article 55.02,
without the necessity of an oral hearing. 
Accordingly, the trial court did not err when it denied the expunction petition
without an oral hearing.  See Borhani, 2008 WL 4482676, at *3; Wilson, 224 S.W.3d at 863.  Concomitantly, the trial court did not err,
as asserted by Roberts in his second issue, in not issuing a bench warrant or
providing “other alternative means” for Roberts to attend a hearing on the
expunction petition.  

We overrule Roberts’s first
and second issues.  

Findings of Fact and
Conclusions of Law 

          In
his third issue, Roberts asserts that the trial court erred when it denied his
request that the court file findings of fact and conclusions of law.  

          A
trial court is required, in certain circumstances, to file written findings of
fact and conclusions of law if there is a request by a party.  See Tex. R. Civ. P. 296, 297.  There is no “duty on [a] trial court to file
findings of fact or conclusions of law where there has been no trial.”  Teague
v. Livingston, No. 01-10-00075-CV, 2010 WL 4056853, at *2 (Tex. App.—Houston [1st Dist.] Oct. 14, 2010,
no pet.) (mem. op.) (citing Kendrick v.
Lynaugh, 804 S.W.2d 153, 156 (Tex. App.—Houston [14th Dist.] 1990, no pet.); Kaminetzky v. Park Nat’l Bank of Houston, No. 01-03-01079-CV, 2005 WL
267665, at *5 (Tex. App.—Houston [1st Dist.] Feb. 3, 2005, no pet.) (mem. op.)).  “When judgment is entered on the pleadings,
requests for findings and conclusions ‘can have no purpose, should not be filed,
and if filed, should be ignored by the trial court.’”  Teague,
2010 WL 4056853, at *2 (quoting IKB Indus. (Nigeria) Ltd. v. Pro-Line Corp.,
938 S.W.2d 440, 442 (Tex. 1997)); see
also White v. State, No. 12-09-00342-CV, 2011 WL 684660, at *4 (Tex. App.—Tyler Feb. 28, 2011, no pet. h.) (mem.
op.) (holding that Rules 296 and 297 do not apply in inmate suit that is
dismissed for failure to comply with pleading requirements of Chapter Fourteen
of Civil Practices and Remedies Code).

As it noted in its order
denying Roberts’s request for findings of fact and conclusions of law, the trial
court denied Roberts’s expunction petition without a trial and without holding
an evidentiary hearing.  As a result, the
trial court was not required to file findings of fact and conclusions of law.  We hold that the trial court did not err in
denying Roberts’s request for findings of fact and conclusions of law.

We overrule Roberts’s third
issue.

 

 

 

 

 

 

Conclusion

          We
affirm the judgment of the trial court.[1] 

 

 

                                                                   Laura
Carter Higley

                                                                   Justice


 

Panel consists of Justices
Higley, Brown, and Bennett.[2]

 











[1]           Roberts attached an exhibit to his
brief and separately filed other documents that were not part of the appellate record.
 With limited exceptions not relevant
here, an appellate court may not consider matters outside the appellate record.
 Bencon
Mgmt. & Gen. Contracting, Inc. v. Boyer, Inc., 178 S.W.3d 198, 210
(Tex. App.—Houston
[14th Dist.] 2005, no pet.).  The
attachment of documents as exhibits or appendices to briefs is not formal
inclusion in the record on appeal; therefore, we cannot consider the documents filed
by Roberts that are not included in the record.  See Sowell
v. The Kroger Co., 263 S.W.3d 36, 38 (Tex. App.—Houston [1st Dist.] 2006,
no pet.). 

 





[2]           The Honorable Alfred H. Bennett, Judge
of the 61st District Court of Harris County, participating by assignment.