TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,

v.

Gene Charles DECK, Appellee.

No. 04–96–00081–CV.

Court of Appeals of Texas, San Antonio.

Aug. 20, 1997.

Charles R. Maddox, J. Frank Davis, Austin, John C. West, Jr., San Antonio, for Appellant.

William G. Berchelmann, San Antonio, for Appellee.

Before RICKHOFF, GREEN and DUNCAN, JJ.

## ON APPELLANT'S MOTIONS FOR REHEARING AND REHEARING EN BANC

GREEN, Justice.

Appellant's motions for rehearing and rehearing en banc are denied; however, the opinion of this court dated December 18, 1996 is withdrawn and the following is substituted therefor.

By petition for writ of error, the Texas Department of Public Safety (DPS) attacks the trial court's entry of an expunction order in favor of Gene Charles Deck and the court's reinstatement of Deck's case after it had been dismissed for want of prosecution. In its first two points of error, DPS alleges that the trial court committed "fundamental error" when it ordered Deck's arrest records expunged despite lack of service on DPS of Deck's First Amended Petition and lack of notice of a hearing on Deck's motion to expunge his records. In its third and fourth points of error, DPS contends the trial court committed "fundamental" error in granting the expunction despite Deck's noncompliance with the petition requirements under article 55.02 of the Texas Code of Criminal Procedure. DPS' fifth and sixth points of error challenge the trial court's reinstating the case after it had been dismissed for want of prosecution.

### *Facts*

The procedural record in this case is a mess. On June 9, 1993, Deck filed a petition for the expunction of his arrest records dated September 30, 1972 (for theft) and March 28, 1981 (for driving while intoxicated). The hearing on this petition was eventually set for September 2, 1993, and notices of that hearing were sent to DPS, the Federal Bureau of Investigation, the Bexar County Sheriff's Office, the San Antonio Police Department, the Bexar County District Attor-

ney's Office, and the Texas Rangers. The record does not indicate, however, that the September 2 hearing ever took place.

On November 19, 1993, Deck filed an amended petition for expunction. In the amended petition, Deck requested the court to expunge his arrest records dated January 3, 1970 (for disorderly conduct and public intoxication); April 9, 1972 (for driving while intoxicated); March 17, 1973 (for driving while intoxicated); June 1, 1973 (for contempt of court); June 29, 1974 (for driving while license suspended); June 13, 1980 (for driving while intoxicated); March 28, 1981 (for public intoxication); and September 30, 1989 (for speeding).[2] Deck requested the court to notify the affected agencies and entities of the hearing on the expunction as required by statute, *see* TEX.CODE CRIM. PROC. ANN. art. 55.02 (Vernon Supp.1996); however, the record fails to show that notices were issued or received, and the only public agency to file an answer to the petition was the Bexar County District Attorney's Office, which filed a general denial on January 27, 1994. The case then languished on the docket for eighteen months.

On June 8, 1995 the court heard Deck's amended petition for expunction. It appears from the record that only a representative of the Bexar County District Attorney's office and Deck's attorney were present at that hearing. No order was entered at that time.

Then, on July 25, 1995, the case was dismissed for want of prosecution, presumably having been placed on the dismissal docket because of its age. Nonetheless, on August 9, 1995, while the case was still in its dismissed state, the trial court signed the Order of Expunction, expunging Deck's arrest records dated January 3, 1970 (disorderly conduct and public intoxication); June 29, 1974 (driving while license suspended); September 30, 1984 (speeding); and March 28, 1981(DWI).[3] The order was approved "as to

---

**2.** It is observed that in the amended petition, Deck only petitioned for the expunction of the eight aforementioned arrest records. However, later in the amended petition, he listed three other arrest records without specifically requesting the court to expunge them. One of those listed but not requested to be expunged was an arrest originally cited in his Original Petition—

for the theft arrest on September 30, 1972. Also, the March 28, 1981 DWI arrest was changed to a public intoxication arrest.

**3.** We note that the September 30, 1984 speeding arrest ordered expunged was not pleaded; Deck alleged a September 30, 1989 speeding arrest. It is likely a matter of a typographical error—one of

form" by an assistant Bexar County district attorney and Deck's attorney. On August 24, 1995, the case was formally reinstated to the docket and, in the order of reinstatement, the court ordered that the August 9, 1995 Order of Expunction be "reinstated and given full force and effect."

DPS received a copy of the Order of Expunction and, on December 20, 1995, filed a notice of appeal and this petition for writ of error.

### *Discussion*

In order to attack a judgment by writ of error, an appellant must show four elements: (1) that he filed a petition for writ of error within six months of the judgment, (2) that he was a party to the suit, (3) that he did not participate at trial, and (4) that error is apparent from the face of the record. *Stubbs v. Stubbs*, 685 S.W.2d 643, 644 (Tex.1985); *Brown v. McLennan County Children's Protective Servs.*, 627 S.W.2d 390, 392 (Tex. 1982); see TEX. CIV. PRAC. & REM.CODE ANN. §§ 51.012, 51.013 (Vernon 1986); TEX.R.APP. P. 45. Only elements (3) and (4) are contested in this appeal.

Deck submits that DPS participated in trial by and through the district attorney who filed an answer and signed the expunction order. DPS, on the other hand, contends that the district attorney's office did not represent DPS. DPS asserts that it did not participate in the trial nor could it have done so since it never received notice of the June 8, 1995 hearing and was not served with Deck's amended petition.

■ Although article 2.01 of the Texas Code of Criminal Procedure states that the district attorney represents the State in criminal cases, at an expunction hearing each law enforcement agency is entitled to represent itself. *Texas Dep't of Pub. Safety v. Katopodis*, 886 S.W.2d 455, 458 (Tex.App.—Houston [1st Dist.] 1994, no writ); see TEX. CODE CRIM. PROC. ANN. art. 55.02 § 2 (Vernon Supp.1997) (stating "such entity may be represented by the attorney responsible for pro-

viding such agency with legal representation in other matters"). This right to self representation is based on the fact that an expunction hearing is a civil, not criminal, proceeding. *Katopodis*, 886 S.W.2d at 458. Also, the provisions of article 55.02 allow each agency to pursue an appeal in the same manner it would appeal any other civil matter, and the statute specifically requires the petitioner to list each agency possessing his arrest records. *Id.*

■ Here, nothing in the record demonstrates that the district attorney was acting on behalf of DPS or that DPS participated in the trial. Deck even admits in his brief that DPS never filed an answer or appeared at any of the hearings. Because DPS did not participate in trial, element (3) of DPS' writ of error is satisfied.

■ Through its six points of error, DPS attempts to show error on the face of the record. We discuss DPS' fifth and sixth points of error first. In these points of error, DPS attacks the trial court's reinstating Deck's case. DPS claims that the trial court abused its discretion in reinstating the case since the record does not indicate that a motion to reinstate was filed or that such motion was verified. DPS also complains of the court's failure to notify all parties of the date, time and place of the hearing on reinstatement as required by Rule 165a (3) of the Texas Rules of Civil Procedure, and DPS attacks the court's failure to include in its order the findings which DPS alleges are required by Rule 165a (3).

■ Although the record does not indicate that Deck filed a motion to reinstate, we cannot conclude that the trial court abused its discretion by reinstating the case. Other courts have found that a court, on its own, can reinstate a case after dismissal. *See Stelter v. Langoria*, 687 S.W.2d 498, 499 (Tex.App.—Houston [14th Dist.] 1985, no writ) (noting that motion to reinstate does not have to be filed in order for court to reinstate case); *cf. Charles L. Hardtke, Inc.*

---

the dates is obviously incorrect. But the conflict between the pleaded arrest and the trial court's order has not been raised and we do not address whether it is fatal to the expunction of the Sep-

tember 30, 1984 arrest. We also note that the March 28, 1981 arrest, changed in the amended petition to be a public intoxication arrest, is identified in the order as a DWI arrest.

*v. Katz,* 813 S.W.2d 548, 550 (Tex.App.— Houston [1st Dist.] 1991, no writ) (determining that *sua sponte* docket entry by court was sufficient to order reinstatement of case previously dismissed). On the face of the present record, the court *sua sponte* reinstated the case. By reinstating the case on its own motion, the court was not obligated under Rule 165a(3) to notify the DPS of an adversarial hearing since none was held nor necessary.

■ The trial court likewise did not abuse its discretion when it did not include particular language from Rule 165a in its order of reinstatement. Rule 165a (3) compels a trial court to reinstate a case "upon finding ... that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained." The rule does not require a trial judge to include that particular language in its order, as DPS claims. An appellate court determines whether the trial court abused its discretion in ordering or refusing reinstatement by reviewing the entire record and ascertaining whether or not there was enough evidence for the trial judge to find that the failure of the party was due to accident, mistake, or other reasonable explanation. *See Torres v. Rios,* 869 S.W.2d 555, 557 (Tex.App.—Corpus Christi 1993, no writ); *Brown v. Howeth Invs., Inc.,* 820 S.W.2d 900, 902–03 (Tex. App.—Houston [1st Dist.] 1991, writ denied). Absent a statement of facts or other record from the hearing, as is the case here, it is presumed that the trial judge reviewed and found all necessary facts to support the order. *See Valenzuela v. St. Paul Ins. Co.,* 878 S.W.2d 667, 670 (Tex.App.—San Antonio 1994, no writ) (citing *Englander Co., Inc. v. Kennedy,* 428 S.W.2d 806 (Tex.1968)); *Frenzel v. Browning–Ferris Indus., Inc.,* 780 S.W.2d 844, 846 (Tex.App.—Houston [14th Dist.] 1989, no writ). Contrary to DPS' argument, we cannot conclude that the trial court abused its discretion simply because it did not include a written finding of accident, mistake, or other reasonable explanation in its order of reinstatement. Points of error five and six are overruled.

■ Next, we consider DPS' second point of error in which it argues that the trial court committed fundamental error by entering an order for expunction despite the court's failure to notify DPS of the June 8, 1995 hearing. The expunction statute, articles 55.01, *et. seq.* of the Texas Code of Criminal Procedure, does not require that the law enforcement agencies be served with the expunction petition, conceivably because an expunction hearing is an *ex parte* proceeding. *See* BARRY P. HELFT & JOHN M. SCHMOLESKY, 1 TEXAS CRIMINAL PRACTICE GUIDE § 11.03[1] (1996). However, the statute does compel the court to notify the law enforcement agencies listed in the expunction petition of the expunction hearing. "The court shall set a hearing on the matter no sooner than thirty days from the filing of the petition and shall give reasonable notice of the hearing to each official or agency or other entity named in the petition by certified mail, return receipt requested...." TEX.CODE CRIM. PROC. ANN. art. 55.02 § 2 (Vernon Supp.1997).

■ The procedures listed in article 55.02 are mandatory and must be complied with in an expunction proceeding. *Texas Dep't of Pub. Safety v. Riley,* 773 S.W.2d 756, 758 (Tex.App.—San Antonio 1989, no writ). If the record does not indicate that the agency was notified in accordance with the statute, then the record reflects a proceeding in violation of the statute and the expunction order must be set aside. *See Rodriguez v. T.M.B.,* 812 S.W.2d 449, 450–51 (Tex.App.— San Antonio 1991, no writ) (reversing trial court and setting aside expunction order after finding that hearing took place without notice to any respondent); *Riley,* 773 S.W.2d at 758 (setting aside expunction order because record did not reflect agencies had been notified of hearing and because judge violated 30 day waiting period).

In the instant case, DPS received notice of the first hearing date, but that hearing date was reset. As in *Riley,* error is apparent from the face of the record since the record does not reflect that DPS, or any other agency listed in the petition, was notified of the hearing held on June 8, 1995. Likewise, nothing in the record reflects that DPS waived the notice requirement. It was error

for the court to order Deck's records expunged without providing notice to DPS of the hearing. This violation of mandatory procedures necessitates the setting aside of Deck's expunction order. We sustain DPS' second point of error.

Because DPS' second point of error is dispositive of the appeal, we do not address its first, third, and fourth points of error.

■ The petition for writ of error is granted; the judgment of the trial court is reversed and the expunction order is set aside.[4]

---

4. The reversal of an expunction order encompasses all of the agencies in possession of the petitioner's criminal records, even of those who did not appeal. *Ex parte Elliot*, 815 S.W.2d 251, 252 (Tex.1991).

Our setting aside the expunction order does not prevent Deck from refiling another expunc-

tion petition. See Rodriguez, 812 S.W.2d at 449 n. 2; Riley, 773 S.W.2d at 759 (Butts, J., concurring).

