MEMORANDUM OPINION

No. 04-06-00038-CV

EX PARTE Derly VILLARREAL

From the County Court at Law No. 2, Webb County, Texas

Trial Court No. 2005CVK001514C3

Honorable Jesus Garza , Judge Presiding




Opinion by: Rebecca Simmons , Justice



Sitting: Catherine Stone , Justice

 Karen Angelini , Justice

 Rebecca Simmons , Justice



Delivered and Filed: July 12, 2006 



REVERSED AND RENDERED

 The Laredo Police Department appeals the trial court's order granting a petition for expunction filed by Derly Villarreal. 
The Department contends that the trial court erred in granting the expunction because Villarreal did not meet his burden of
proof and the Department was not given reasonable notice of the hearing.

Background


 Villarreal filed his petition for expunction of arrest records on August 31, 2005. The trial court entered an order setting the
petition for a hearing on October 19, 2005. The District Attorney of Webb County filed a written waiver, waiving notice of
the hearing and stating that it did not contest the expunction. The Department did not file a waiver. On October 12, 2005,
Villarreal's attorney appeared before the trial court and requested it to enter the expunction order, stating that a waiver had
been filed. The trial court signed the order on October 12, 2005.

 On November 8, 2005, the Department filed a motion for new trial or, in the alternative, motion to modify. The
Department requested a new trial because it did not receive notice that the hearing was rescheduled for October 12, 2005. 
In the alternative, the Department requested that the order be modified to permit the records to be retained for use in a
federal civil rights lawsuit Villarreal had filed against the Department and some of its officers on September 30, 2005,
asserting claims arising from his arrest. The trial court held a hearing on the motion for new trial on December 7, 2005, and
requested a transcript of the October 12, 2005 hearing. The motion for new trial subsequently was overruled by operation
of law.

Discussion


 Section 2(c) of article 55.02, which contains the procedures for an expunction, provides:

 The court shall set a hearing on the matter no sooner than thirty days from the filing of the petition and shall give to each
official or agency or other entity named in the petition reasonable notice of the hearing by: (1) certified mail, return receipt
requested; or (2) if requested in writing by the petition, secure electronic mail or facsimile transmission.



Tex. Code Crim. Proc. art. 55.02, §2(c) (Vernon Supp. 2005). The procedures listed in article 55.02 are mandatory and
must be complied with in an expunction proceeding. Tex. Dept. of Pub. Safety v. Deck, 954 S.W.2d 108, 112 (Tex.
App.--San Antonio 1997, no pet.). Furthermore, because an expunction hearing is a civil proceeding, each law enforcement
agency cited is entitled to represent itself. Id. at 111; Tex. Dept. of Pub. Safety v. Katopodis, 886 S.W.2d 455, 458 (Tex.
App.--Houston [1st Dist.] 1994, no pet.). If the record does not indicate that an agency was notified in accordance with the
statute, then the record reflects a proceeding in violation of the statute and the expunction order must be set aside. Deck,
954 S.W.2d at 112.

 In Deck, the Texas Department of Public Safety ("DPS") received notice of a hearing set for September 2, 1993; however,
that hearing was reset. 954 S.W.2d at 112. The record did not reflect that DPS, or any other agency listed in the petition,
was notified of the trial court's hearing held on June 8, 1995. Id. Furthermore, although a representative of the Bexar
County District Attorney's office was present at the hearing, each law enforcement agency is entitled to represent itself, and
nothing in the record reflected that DPS waived the notice requirement. Id. at 110-12. Therefore, this court held that the
trial court erred in ordering the records expunged without providing DPS with notice of the hearing. Id. at 112-13.

 Similarly in this case, the Department was a law enforcement agency named in the petition. Although the Department had
notice of a hearing on October 19, 2005, the Department did not have notice of the hearing on October 12, 2005. Although
the district attorney filed a waiver, the Department was entitled to represent itself, and nothing in the record reflects that the
Department waived the notice requirement. See id. at 111-12. Therefore, the trial court erred in ordering the records
expunged without providing the Department with notice of the hearing.

Conclusion


 The trial court's order is reversed, and judgment is rendered that the petition for expunction is denied. See id. at 113 & n.4
(holding violation of mandatory procedures necessitates setting aside of expunction order but does not prevent petitioner
from refiling another expunction petition).



 Rebecca Simmons , Justice