NUMBER 13-08-635-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 

 

TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,

 


v. 


MARK RYAN KELLY, Appellee.

 


On appeal from County Court at Law No. 1 

of Calhoun County, Texas.


 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Garza and Vela


Memorandum Opinion by Justice Vela



 In this restricted appeal, the Texas Department of Public Safety ("DPS") complains
that the trial court erred in granting an order expunging the criminal record of appellee,
Mark Ryan Kelly. See Tex. R. App. P. 30. On appeal, DPS argues that (1) the trial court
erred in granting the expunction because DPS did not receive proper notice of the hearing
at which the expunction was granted; and (2) Kelly was not entitled to expunction because
he had been found guilty of a crime and had served deferred-adjudication community
supervision. Because the trial court did not comply with the statutory requirements for
expunction, we reverse and set aside the order of expunction and remand for proceedings
consistent with this opinion.

I.

Background


 On August 28, 2008, Kelly filed a request for expunction of his criminal record, in
which he admitted that he had been arrested for possession of marihuana, a class B
misdemeanor, and alleged that he was entitled to expunction pursuant to article 55.02 of
the Texas Code of Criminal Procedure. See Tex. Code Crim. Proc. Ann. art. 55.02
(Vernon Supp. 2008). He properly notified DPS of his request, and asked the trial court
to set a hearing on the matter. The trial court set a hearing for October 8, 2008, but
notified only Kelly's attorney and the Calhoun County District Attorney's office. At the
hearing, only Kelly's attorney and a Calhoun County assistant district attorney appeared
and represented to the trial court that they both agreed to the expunction. The trial court
signed an order of expunction and notified DPS of the order. On October 10, 2008, DPS
filed a notice of appeal. In this appeal, DPS complains that it was not properly notified of
the expunction hearing, and that Kelly was not entitled to an expunction because he was
found guilty and served community supervision, which is a bar to expunction pursuant to
article 55.01 of the Texas Code of Criminal Procedure. Tex. Code Crim. Proc. Ann. art.
55.01(a)(2)(b) (Vernon 2006). 



II.

Restricted Appeal


 To attack an order by restricted appeal, DPS must show: (1) it was a party who did
not participate, either in person or through counsel, in the hearing that resulted in the
judgment complained of; (2) it filed a notice of appeal within six months after the order was
signed; (3) it did not timely file a postjudgment motion or request findings of fact and
conclusions of law; and (4) error is apparent on the face of the record. Tex. R. App. P.
26.1(c), 30; Alexander v. Lynda's Boutique, 134 S.W.3d 845, 848 (Tex. 2004); see Tex.
Dep't of Pub. Safety v. Fredricks, 235 S.W.3d 275, 278 (Tex. App.-Corpus Christi 2007,
no pet.).

III.

Standard of Review


 In restricted appeals, we are limited to considering only errors that are apparent on
the face of the record. See Norman Commc'ns v. Tex. Eastman Co., 955 S.W.2d 269, 270
(Tex.1997) (per curiam); Fredricks, 235 S.W.3d at 280. The "face of the record" includes
all papers on file in the appeal and the reporter's record, if any. Norman Commc'ns, 955
S.W.2d at 270. A restricted appeal affords the appellant the same scope of review as an
ordinary appeal--in other words, the entire case. See id. 

 Texas Code of Criminal Procedure article 55.02 governs the procedures for
expunctions. Tex. Code Crim. Proc. Ann. art. 55.02. These provisions are mandatory and
must be complied with in an expunction proceeding. Tex. Dep't of Pub. Safety v. Deck,
954 S.W.2d 108, 112 (Tex. App.-San Antonio 1997, no writ); Tex. Dep't of Pub. Safety v.
Riley, 773 S.W.2d 756, 758 (Tex. App.-San Antonio 1989, no writ). Article 55.02 provides
that the court shall set a hearing on a petition for expunction no sooner than 30 days from
the filing of the petition and shall give reasonable notice of the hearing to each respondent
named in the petition, namely, the various law enforcement agencies that have records or
files subject to expunction. Tex. Code Crim. Proc. Ann. art. 55.02, § 2(c). While there is
no requirement that the respondents be served with the petition for expunction itself, the
court is required to notify them of the hearing. Deck, 954 S.W.2d at 112. Such procedures
are mandatory and must be complied with. Id. If the record does not indicate that a proper
agency was notified in accordance with the statute, then the record reflects a proceeding
in violation of the statute and the expunction order must be set aside. See Rodriguez v.
T.M.B., 812 S.W.2d 449, 450-51 (Tex. App.-San Antonio 1991, no writ) (reversing trial
court and setting aside expunction order after finding that hearing took place without notice
to any respondent); Riley, 773 S.W.2d at 758 (setting aside expunction order because
record did not reflect agencies had been notified of hearing and because judge violated
thirty day waiting period).

 Here, a hearing took place, but neither DPS nor any other agency listed in the
petition for expunction (other than the Calhoun County District Attorney's office) received
notice. As in Deck, we hold that it was error for the court to order Kelly's records
expunged without providing notice to DPS of the hearing. This violation of mandatory
procedures requires us to set aside the trial court's order expunging Kelly's records. 
Accordingly, we sustain DPS's first issue.


 Due to our disposition of issue one, we need not address DPS's second issue. Tex.
R. App. P. 47.1.

IV.

Conclusion


 The judgment of the trial court is reversed, the expunction order is set aside and the
case is remanded to the trial court for proceedings consistent with this opinion. (1)

 


 

 ROSE VELA

 Justice



Memorandum Opinion delivered and 

filed this 26th day of March, 2009.








 
1. The reversal of an expunction order involves all of the agencies in possession of the petitioner's
criminal records, even of those who did not appeal. Ex parte Elliot, 815 S.W.2d 251, 252 (Tex. 1991).