NUMBER 13-08-00520-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,


v.
 


JOSE LUIS SOTO, Appellee.

 


On appeal from the 107th District Court 


of Cameron County, Texas.


 


O P I N I O N



Before Justices Yañez, Rodriguez, and Benavides


Opinion by Justice Rodriguez



 Appellant, the Texas Department of Public Safety (TDPS), appeals the trial court's
order granting a petition for expunction filed by appellee, Jose Luis Soto. By two issues,
TDPS contends that it did not receive notice of the expunction hearing and that Soto did
not meet his burden of proof. We reverse and set aside the expunction order and remand
for proceedings consistent with this opinion.

I. Background

 On December 19, 2007, Soto filed a petition for expunction of his arrest records that
listed five agencies as respondents, including TDPS. The trial court set a hearing for
March 3, 2008, and TDPS was notified of the hearing by certified mail. TDPS filed an
original answer denying each and every allegation in Soto's petition. On March 3, the trial
court reset the hearing to March 27. On March 18, 2008, the Cameron County District
Attorney, another agency listed in Soto's petition, filed a motion for continuance. The trial
court reset the hearing to July 31, 2008. On April 22, 2008, Soto filed an amended petition
for expunction, and a hearing was set for June 26, 2008. On June 26, the trial court
rescheduled the hearing to July 31, 2008. TDPS did not receive notice of the new date nor
did it waive the requirement of notice. As a result, TDPS did not participate at the July 31
expunction hearing during which the trial court granted the expunction of Soto's arrest
records. This appeal ensued.

II. Discussion

 The procedures to be followed in an expunction proceeding are set forth in article
55.02 of the Texas code of criminal procedure. See Tex. Code Crim. Proc. Ann. art. 55.02
(Vernon Supp. 2008). Because the right to expunction is a statutory privilege, the
petitioner must satisfy the provisions of article 55.02 in order for his action to be sustained. 
Ex parte Myers, 68 S.W.3d 229, 232 (Tex. App.-Texarkana 2002, no pet.). Section 2(c)
of article 55.02 provides that "the court . . . shall give reasonable notice of the hearing to
each . . . agency . . . named in the petition" by either certified mail, return receipt requested
or secure electronic mail, electronic transmission, or facsimile transmission. Tex. Code
Crim. Proc. Ann. art. 55.02, § 2(c). 

 By its first issue, TDPS contends that the trial court's expunction order should be set
aside because TDPS was not provided notice of the July 31 hearing pursuant to article
55.02. See id. We agree. TDPS is an agency named in Soto's petition; therefore, it was
entitled to reasonable notice of the July 31 hearing. See id. Here, the record does not
show that TDPS received notice of the July 31 hearing in accordance with the expunction
statute; therefore, the expunction order must be set aside. See Tex. Dep't of Pub. Safety
v. Deck, 954 S.W.2d 108, 112-13 (Tex. App.-San Antonio 1997, no pet.) (concluding that
the trial court erred in granting a petition for expunction because the appellant did not
receive notice that the expunction hearing was reset). We sustain TDPS's first issue. Due
to the disposition of TDPS's first issue, we need not address its second issue. See Tex.
R. App. P. 47.1.

III. Conclusion

 We reverse and set aside the expunction order and remand for proceedings
consistent with this opinion. (1)

 

 NELDA V. RODRIGUEZ

 Justice


Opinion delivered and filed this

26th day of March, 2009.

1. We note that when an expunction order is reversed and set aside, the reversal applies to all
agencies in possession of relevant criminal records. Ex parte Elliot, 815 S.W.2d 251, 252 (Tex. 1991) (per
curiam); Tex. Dep't of Pub. Safety v. Deck, 954 S.W.2d 108, 113 (Tex. App.-San Antonio 1997, no pet.).