

**NUMBER 13-08-635-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**TEXAS DEPARTMENT OF PUBLIC SAFETY,** **Appellant,**

**v.**

**MARK RYAN KELLY,** **Appellee.**

---

### On appeal from County Court at Law No. 1
### of Calhoun County, Texas.

---

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Garza and Vela
### Memorandum Opinion by Justice Vela

In this restricted appeal, the Texas Department of Public Safety ("DPS") complains

that the trial court erred in granting an order expunging the criminal record of appellee,

Mark Ryan Kelly. *See* TEX. R. APP. P. 30. On appeal, DPS argues that (1) the trial court

erred in granting the expunction because DPS did not receive proper notice of the hearing at which the expunction was granted; and (2) Kelly was not entitled to expunction because he had been found guilty of a crime and had served deferred-adjudication community supervision. Because the trial court did not comply with the statutory requirements for expunction, we reverse and set aside the order of expunction and remand for proceedings consistent with this opinion.

# I.
## BACKGROUND

On August 28, 2008, Kelly filed a request for expunction of his criminal record, in which he admitted that he had been arrested for possession of marihuana, a class B misdemeanor, and alleged that he was entitled to expunction pursuant to article 55.02 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 55.02 (Vernon Supp. 2008). He properly notified DPS of his request, and asked the trial court to set a hearing on the matter. The trial court set a hearing for October 8, 2008, but notified only Kelly's attorney and the Calhoun County District Attorney's office. At the hearing, only Kelly's attorney and a Calhoun County assistant district attorney appeared and represented to the trial court that they both agreed to the expunction. The trial court signed an order of expunction and notified DPS of the order. On October 10, 2008, DPS filed a notice of appeal. In this appeal, DPS complains that it was not properly notified of the expunction hearing, and that Kelly was not entitled to an expunction because he was found guilty and served community supervision, which is a bar to expunction pursuant to article 55.01 of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2)(b) (Vernon 2006).

## II.
### RESTRICTED APPEAL

To attack an order by restricted appeal, DPS must show: (1) it was a party who did not participate, either in person or through counsel, in the hearing that resulted in the judgment complained of; (2) it filed a notice of appeal within six months after the order was signed; (3) it did not timely file a postjudgment motion or request findings of fact and conclusions of law; and (4) error is apparent on the face of the record. TEX. R. APP. P. 26.1(c), 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *see Tex. Dep't of Pub. Safety v. Fredricks*, 235 S.W.3d 275, 278 (Tex. App.–Corpus Christi 2007, no pet.).

## III.
### STANDARD OF REVIEW

In restricted appeals, we are limited to considering only errors that are apparent on the face of the record. *See Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex.1997) (per curiam); *Fredricks*, 235 S.W.3d at 280. The "face of the record" includes all papers on file in the appeal and the reporter's record, if any. *Norman Commc'ns*, 955 S.W.2d at 270. A restricted appeal affords the appellant the same scope of review as an ordinary appeal—in other words, the entire case. *See id*.

Texas Code of Criminal Procedure article 55.02 governs the procedures for expunctions. TEX. CODE CRIM. PROC. ANN. art. 55.02. These provisions are mandatory and must be complied with in an expunction proceeding. *Tex. Dep't of Pub. Safety v. Deck*, 954 S.W.2d 108, 112 (Tex. App.–San Antonio 1997, no writ); *Tex. Dep't of Pub. Safety v.*

3

*Riley*, 773 S.W.2d 756, 758 (Tex. App.–San Antonio 1989, no writ). Article 55.02 provides that the court shall set a hearing on a petition for expunction no sooner than 30 days from the filing of the petition and shall give reasonable notice of the hearing to each respondent named in the petition, namely, the various law enforcement agencies that have records or files subject to expunction. TEX. CODE CRIM. PROC. ANN. art. 55.02, § 2(c). While there is no requirement that the respondents be served with the petition for expunction itself, the court is required to notify them of the hearing. *Deck*, 954 S.W.2d at 112. Such procedures are mandatory and must be complied with. *Id*. If the record does not indicate that a proper agency was notified in accordance with the statute, then the record reflects a proceeding in violation of the statute and the expunction order must be set aside. *See Rodriguez v. T.M.B.*, 812 S.W.2d 449, 450-51 (Tex. App.–San Antonio 1991, no writ) (reversing trial court and setting aside expunction order after finding that hearing took place without notice to any respondent); *Riley*, 773 S.W.2d at 758 (setting aside expunction order because record did not reflect agencies had been notified of hearing and because judge violated thirty day waiting period).

Here, a hearing took place, but neither DPS nor any other agency listed in the petition for expunction (other than the Calhoun County District Attorney's office) received notice. As in *Deck*, we hold that it was error for the court to order Kelly's records expunged without providing notice to DPS of the hearing. This violation of mandatory procedures requires us to set aside the trial court's order expunging Kelly's records. Accordingly, we sustain DPS's first issue.

4

Due to our disposition of issue one, we need not address DPS's second issue.  TEX. R. APP. P. 47.1.

## IV.
### CONCLUSION

The judgment of the trial court is reversed, the expunction order is set aside and the case is remanded to the trial court for proceedings consistent with this opinion.[1]


ROSE VELA
Justice


Memorandum Opinion delivered and
filed this 26th day of March, 2009.

---

[1]The reversal of an expunction order involves all of the agencies in possession of the petitioner's criminal records, even of those who did not appeal.  *Ex parte Elliot*, 815 S.W.2d 251, 252 (Tex. 1991).