Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio


## MEMORANDUM OPINION

No. 04-11-00375-CV

**EX PARTE** Robert Michael **SANTOS**

From the County Court At Law No. 1, Webb County, Texas
Trial Court No. 2010CVK001455C1
Honorable Alvino (Ben) Morales, Judge Presiding

Opinion by:  Catherine Stone, Chief Justice

Sitting:  Catherine Stone, Chief Justice
Sandee Bryan Marion, Justice
Steven C. Hilbig, Justice

Delivered and Filed:  February 15, 2012

REVERSED AND REMANDED

In this restricted appeal, the Texas Department of Public Safety challenges the trial court's order granting Robert Michael Santos's petition for expunction.  Because we conclude DPS did not receive notice of the expunction hearing, we reverse the trial court's order and remand the cause to the trial court for a new hearing.

A party can prevail in a restricted appeal only if: (1) it filed notice of the restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record.  *Ins. Co. of State of Penn. v. Lejeune*, 297 S.W.3d

254, 255 (Tex. 2009). In this case, DPS was a party to the underlying lawsuit and filed its notice of restricted appeal within six months after the trial court's order was signed.

Because DPS was named in Santos's petition, the trial court was required to give DPS notice of the expunction hearing. *See* TEX. CODE CRIM. PROC. ANN. art. 55.02, § 2(c) (West Supp. 2011). The clerk's record establishes that notice of the hearing was provided only to the district attorney and Santos's attorney. Notice to the district attorney is not notice to DPS. *Tex. Dept. of Public Safety v. Deck*, 954 S.W.2d 108, 111 (Tex. App.—San Antonio 1997, no pet.). The absence of notice is error apparent on the face of the record. *See id*. at 112.

Santos argues that this case is similar to *Clopton v. Pak*, in which the attorney was held to have participated in the hearing that resulted in the judgment. 66 S.W.3d 514, 516 (Tex. App.—Fort Worth 2001, pet. denied). In that case, however, the attorney signed and filed a joint motion to dismiss, resulting in an order of dismissal. *Id*. In this case, only the district attorney signed a waiver, and, as previously noted, DPS is a distinct law enforcement agency in an expunction hearing and is entitled to represent itself. *Deck*, 954 S.W.2d at 111.

Santos also attempts to rely on unsworn statements by Santos's attorney and the court coordinator that DPS was no longer challenging the expunction. Because DPS was not present at the hearing to object to the unsworn statements, however, the unsworn statements are no evidence of participation by DPS. *See Banda v. Garcia*, 955 S.W.2d 270, 272 (Tex. 1997) (unsworn statements by attorney not considered evidence unless opponent waives oath requirement by failing to object); s*ee also Casino Magic Corp. v. King*, 43 S.W.3d 14, 20 (Tex. App.—Dallas 2001, pet. denied) (unsworn statement by attorney not considered evidence); *Cruz v. State*, 737 S.W.2d 74, 76 (Tex. App.—San Antonio 1987, no pet.) ("Counsel's unsworn statement to the trial court is not evidence."); *Ex parte Lindsey*, 561 S.W.2d 572, 575 (Tex. Civ.

App.—Dallas 1978, orig. proceeding) (assuming unsworn statement by clerk not competent evidence). Accordingly, the record establishes that DPS did not participate in the expunction hearing.

Because DPS did not receive notice of or participate in the expunction hearing, the trial court's order is reversed, and the cause is remanded to the trial court for a new expunction hearing.

Catherine Stone, Chief Justice