Opinion filed June 20, 2013



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00285-CV

_____

## TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant

## V.

## JAMES AARON REDDING, Appellee

### On Appeal from the 90th District Court
### Stephens County, Texas
### Trial Court Cause No. CV30682

### M E M O R A N D U M   O P I N I O N

James Aaron Redding filed a motion for expunction of criminal records on March 21, 2012. On March 29, 2012, the trial court signed an order expunging the criminal records related to Redding's 2002 arrest for the offense of theft. The Texas Department of Public Safety (DPS) subsequently filed a notice of restricted appeal. *See* TEX. R. APP. P. 30. We reverse and remand.

The DPS presents three issues for review in this restricted appeal. In its first issue, the DPS asserts that Redding was not entitled to an expunction because he

served a term of probation for the offense that he sought to expunge. In its second issue, the DPS contends that the trial court abused its discretion when it signed the order of expunction less than thirty days after Redding's petition was filed and without notice to the DPS. In its final issue, the DPS complains of the lack of a reporter's record.

An appellant in a restricted appeal can prevail only if (1) it filed its notice of the restricted appeal within six months after the judgment was signed, (2) it was a party to the underlying lawsuit, (3) it did not participate in the hearing that resulted in the judgment complained of or timely file any postjudgment motions or requests for findings of fact and conclusions of law, and (4) error is apparent on the face of the record. TEX. R. APP. P. 26.1(c), 30; *Ins. Co. of State of Pa. v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009). The DPS has met the first three requirements. The six-month deadline for filing the notice of restricted appeal in this case fell on the weekend, and the DPS timely filed its notice in this court on Monday, October 1, 2012. The DPS was a party to the underlying lawsuit, but it did not participate in any way in the proceedings that resulted in the order of expunction. Nor did it file any postjudgment motions. Consequently, only the fourth requirement is of concern in this case, and we must determine whether the errors alleged by the DPS are apparent on the face of the record. In a restricted appeal, an appellant is afforded the same scope of review as in an ordinary appeal: a review of the entire case, including legal and factual sufficiency challenges. *Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997). The only restriction on the scope of a restricted appeal is that the error must appear on the face of the record. *Id.* Error that is merely inferred will not suffice. *Ginn v. Forrester*, 282 S.W.3d 430, 431 (Tex. 2009).

In its first issue, the DPS challenges the sufficiency of the evidence, asserting that, as a matter of law, Redding was not entitled to an expunction

because he was convicted of the offense and placed on community supervision. The DPS is correct in that, unless subsequently pardoned, a person is not entitled to an expunction of his arrest records if the charge resulted in a final conviction or if the person received court-ordered community supervision. TEX. CODE CRIM. PROC. ANN. art. 55.01 (West Supp. 2012); *see Harris County Dist. Attorney's Office v. J.T.S.*, 807 S.W.2d 572 (Tex. 1991); *Tex. Dep't of Pub. Safety v. Sowell*, 11-10-00018-CV, 2011 WL 2718146 (Tex. App.—Eastland June 30, 2011), *reh'g denied*, 2011 WL 3359716 (Tex. App.—Eastland Aug. 4, 2011, no pet.) (mem. op.). Documents related to the arrest at issue in this case indicate that Redding pleaded guilty to the offense and received a probated sentence. Those documents, however, do not appear to have been filed in this expunction case. They were included in the clerk's record in this appeal because they were designated by the DPS in its designation of record, but they have no file stamp other than the 2002 file stamp from the earlier criminal proceeding. Because there is no record from the expunction hearing in this cause, we are unable to determine what evidence was before the trial court and, thus, unable to determine whether error is apparent on the face of the record, i.e., whether evidence was presented at the hearing that would support expunction. *See Sowell*, 2011 WL 2718146, at *1. Therefore, we are unable to render judgment as requested by the DPS. The first issue is overruled.

However, for purposes of a restricted appeal, the face of the record consists of all papers on file in the appeal, including the reporter's record. *Norman*, 955 S.W.2d at 270; *Ex parte Ruiz*, No. 04-11-00808-CV, 2012 WL 2834898 (Tex. App.—San Antonio July 11, 2012, no pet.) (mem. op.). In an affidavit filed in this cause, the court reporter stated that no reporter's record was available from the expunction hearing. Because the DPS has complained of the absence of a reporter's record, we sustain the third issue. *See Ruiz*, 2012 WL 2834898; *Sowell*, 2011 WL 2718146, at *1 n.1.

3

Moreover, the face of the record affirmatively reflects that Redding filed his petition for expunction on March 21, 2012. On March 26, 2012, the DPS received notice of Redding's petition and of the trial court's order setting the expunction hearing for April 26, 2012. However, the trial court entered the order of expunction on March 29, 2012, only eight days after Redding filed the petition. The Code of Criminal Procedure sets out the procedures that must be followed when a petition for expunction is filed. Per statute, the trial court "shall set a hearing on the matter no sooner than thirty days from the filing of the petition and shall give to each official or agency or other governmental entity named in the petition reasonable notice of the hearing." TEX. CODE CRIM. PROC. ANN. art 55.02, § 2(c) (West Supp. 2012). The record affirmatively reflects that less than thirty days passed from the date that Redding filed the petition to the date that the trial court entered the expunction order. The record also affirmatively reflects that the DPS did not receive reasonable notice of the hearing. Consequently, error is apparent on the face of the record. *Tex. Dep't of Pub. Safety v. Deck*, 954 S.W.2d 108, 112–13 (Tex. App.—San Antonio 1997, no writ). We sustain the DPS's second issue.

We reverse the trial court's order granting expunction, and we remand the cause to the trial court for further proceedings.

JIM R. WRIGHT

CHIEF JUSTICE

June 20, 2013

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.

4