

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00804-CV

**TEXAS DEPARTMENT OF PUBLIC SAFETY**,
Appellant

v.

Erika Denisse **GONZALEZ**,
Appellee

From the County Court at Law No. 1, Webb County, Texas
Trial Court No. 2012CVK00326C1
Honorable Alvino (Ben) Morales, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:    Catherine Stone, Chief Justice
Marialyn Barnard, Justice
Patricia O. Alvarez, Justice

Delivered and Filed:  January 22, 2014

REVERSED AND RENDERED

The Texas Department of Public Safety ("DPS") filed this restricted appeal, attacking the trial court's entry of an expunction order in favor appellee Erika Denisse Gonzalez.  DPS contends the face of the record shows the evidence was legally insufficient to support the expunction and the trial court did not comply with mandatory notice requirements.  Because the face of the record reflects the evidence was legally insufficient to support the expunction, we reverse the trial court's judgment and render judgment denying the requested expunction.

## BACKGROUND

On February 17, 2012, Gonzalez filed a petition for expunction pursuant to article 55.01(a)(2) of the Texas Code of Criminal Procedure.[1] A hearing on the petition was initially set for April 3, 2012. DPS received notice of this hearing and filed a general denial in response. However, the trial court subsequently reset the hearing for May 8, 2012. No notice of the reset was sent to DPS. Consequently, DPS did not attend or participate in the hearing.

At the brief hearing, Gonzalez initially testified to her date of birth and other identifying information. The following exchange constitutes the entirety of the testimonial evidence offered in support of the expunction:

>Ms. Tijerina (Counsel for Gonzalez): Ms. Gonzalez, you were arrested on or about – for Assault Felony 3 on October 29th, 2007; is that correct?
>
>Ms. Gonzalez: Yes.
>
>Ms. Tijerina: And also for Retaliation, Class A, on the same date?
>
>Ms. Gonzalez: Uh-huh.
>
>Ms. Tijerina: And for Burglary of a Habitation on the same date; is that correct?
>
>Ms. Gonzalez: Yes.
>
>Ms. Tijerina: And, to your knowledge, you were never convicted of these crimes?
>
>Ms. Gonzalez: No.
>
>Ms. Tijerina: And you're asking the court to grant you an expungement?

---

[1] Article 55.01(a)(2) states generally that a person who has been arrested for a felony or misdemeanor is entitled to have all records relating to the arrest expunged if the person was released and the charge, if any, did not result in a final conviction, no charge is pending, and there was no court-ordered community supervision. TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2) (West Supp. 2013).

Ms. Gonzalez:       Yes.

Ms. Tijerina:       I have no further questions, Judge.

There was no mention of any court-ordered probation or community supervision. Without evidence from any of the other parties present at the hearing, the trial court granted Gonzalez's expunction and signed its amended order of expunction on June 11, 2012.

DPS learned of the trial court's actions when it received a copy of the order via certified mail. DPS subsequently filed this restricted appeal, contending there is error on the face of the record.[2]

## ANALYSIS

To prevail on a restricted appeal, a party to the underlying suit must show: (1) it filed notice of the restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained of, and it failed to timely file any postjudgment motions or requests for findings of fact or conclusions of law; and (4) error is apparent on the face of the record. *Ins. Co. of State of Penn. v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009); *Household Finance Corp. III v. DTND Sierra Investments, LLC*, No. 04-13-00033-CV, 2013 WL 5948899, at *2 (Tex. App.—San Antonio Nov. 6, 2013, no pet. h.) (mem. op.); *see* TEX. R. APP. P. 26.1(c) (stating that in restricted appeal, notice of appeal must be filed within six months of date judgment or order is signed); TEX. R. APP. P. 30 (stating party who did not participate in hearing that resulted in judgment complained of and who did not timely file postjudgment motions, request for findings of fact and conclusions of law, or notice of appeal, may filed restricted appeal).

---

[2] Gonzalez did not file an appellee's brief in response to the appellant's brief filed by DPS.

The record reflects DPS filed its notice of restricted appeal within six months of the date the judgment was signed, it was a party to the lawsuit, and it did not participate in the reset hearing or file any postjudgment motions or requests. Thus, the only issue before us is whether there is error apparent on the face of the record.

We begin with DPS's contention that the evidence on the face of the record is legally insufficient to support the order granting expunction. In a restricted appeal, we sustain a legal sufficiency challenge where the face of the record shows: (1) a complete absence of a vital fact; (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence establishes conclusively the opposite of the vital fact. *VIA Metro. Transit Auth. v. Barraza*, No. 04-13-00035-CV, 2013 WL 6255761 (Tex. App.—San Antonio Dec. 4, 2013, no pet. h.) (mem. op.); *see City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005). The face of the record includes the reporter's record and documents that were before the court at the time the challenged order was signed. *See In re Guardianship of V.A.*, 390 S.W.3d 414, 416 (Tex. App.—San Antonio 2012, pet denied).

The right to an expunction is a statutory privilege. *Ex Parte Green*, 373 S.W.3d 111, 113 (Tex. App.—San Antonio 2012, no pet.) In order to obtain an expunction of past arrest records, Gonzalez had the burden of proving that all of the statutory requirements of article 55.01 were met. *See id.*; TEX. CODE CRIM. PROC. ANN. art. 55.01. One of the statutory requirements is "the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was *no court-ordered community supervision under* Article 42.12 for the offense." TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2) (emphasis added). DPS contends Gonzalez specifically failed to meet this statutory requirement.

Our review of the record reveals that during the hearing Gonzalez failed to offer any evidence to prove the vital fact required under article 55.01 that there was no court-ordered community supervision under article 42.12 for the three offenses for which Gonzalez was admittedly arrested. Gonzalez merely testified she was not convicted of the offenses, but was never even asked about community supervision. Without any testimony as to the absence of court-ordered community supervision, we hold there is a complete absence of a vital fact required for expunction under article 55.01.[3] *See* TEX. CODE CRIM. PROC. ANN. art 55.01(a)(2). Accordingly, we sustain DPS's legal sufficiency challenge.

Even if the evidence was legally sufficient, DPS is correct in its assertion that the trial court erred in granting the expunction without providing DPS with notice of the actual hearing date. The procedures for expunction of criminal records listed in article 55.02 of the Code of Criminal Procedure are mandatory and must be complied with in an expunction proceeding. *Texas Dep't of Pub. Safety v. Deck*, 954 S.W.2d 108, 112 (Tex. App.—San Antonio 1997, no pet.). Pursuant to section 2(c) of article 55.02, the trial court is required to give each official or agency listed in the petition "reasonable notice of the hearing." TEX. CODE CRIM. PROC. ANN. art. 55.02 § 2(c) (West Supp. 2013). If the record before the appellate court does not indicate the agency was notified in accordance with the statute, then the record reflects a proceeding in violation of the statute. *Deck*, 954 S.W.2d at 112. Such violation is an error on the face of the record and the expunction order must be set aside. *See id.*

The clerk's record contains a document entitled "Court's Notice of Setting or Resetting," which notes the hearing on the expunction is being reset to May 8, 2012. The second page of the document provides a list of the parties to whom the notice is to be sent via facsimile. The list does

---

[3] The court recognizes the difficulty in proving the absence of community supervision with physical evidence as the movant is seeking to prove a negative. Gonzalez could have satisfied this burden with testimony or an affidavit.

not include DPS. We therefore hold the face of the record reflects the trial court failed to give DPS the required statutory notice regarding the expunction hearing in addition to the legally insufficient evidence at trial.

## CONCLUSION

Based on the foregoing, we sustain DPS's legally sufficiency issue, reverse the trial court's judgment, and render judgment denying the expunction. Additionally, pursuant to DPS's prayer for relief, we order all documents that were turned over to the trial court, or to Gonzalez or her counsel, be returned to the submitting agencies. *See Green*, 373 S.W.3d at 115.

Marialyn Barnard, Justice