

IN THE
TENTH COURT OF APPEALS

No. 10-16-00148-CV

EX PARTE R.J.F.

From the 85th District Court
Brazos County, Texas
Trial Court No. 15-002473-CV-85

## MEMORANDUM OPINION

R.J.F filed a petition to expunge criminal records of his arrest on October 14, 2006, for the offenses of possession of a controlled substance (two counts), possession of marijuana, and possession of a dangerous drug. After a hearing, the trial court granted R.J.F.'s request for an expunction. The Texas Department of Public Safety filed a restricted appeal of the trial court's order. *See* TEX. R. APP. P. 26.1(c); 30. We reverse and remand.

The Department argues in its second issue that R.J.F. failed to present legally sufficient evidence that he was entitled to an expunction. The record shows that R.J.F. filed a motion for expunction pursuant to Chapter 55 of the Texas Code of Criminal

Procedure.  *See* TEX. CODE CRIM. PROC. ANN. ch. 55 (West 2006).  The Department filed an answer but did not appear at the hearing on R.J.F.'s motion, participate in the hearing, or file any post- judgment motions or a request for findings of fact.

Pursuant to Rules 26.1(c) and 30 of the Texas Rules of Appellate Procedure, the Department may prevail in a restricted appeal only if it meets the following requirements:

> (1) it filed notice of the restricted appeal within six months after the judgment was signed;  (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record.

*Ins. Co. of the State of Pa. v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009); TEX. R. APP. P. 26.1(c); 30.  Only the fourth requirement is at issue in this appeal.

The reporter's record only contains a statement from the assistant district attorney that he has no objection to any of the expunctions.  There is no other evidence in the reporter's record.  R.J.F. had the burden to produce evidence that he was entitled to an expunction.  *See Texas Department of Public Safety v. Borhani*, No. 03-08-00142-CV, 2008 Tex.App. LEXIS 7509 (Tex.App.—Austin 2008, no pet.).  There is no evidence in the record to support the trial court's finding.  We note that the assistant district attorney stated that he had no objection to the expunction; however, he did not represent the Department. *Texas Deptartment of Public Safety v. Deck*, 954 S.W.2d 108, 111 (Tex.App. – San Antonio 1997, no pet.).  We sustain the Department's second issue on appeal.  We need not address the Department's first issue.  TEX.R.APP.P. 47.1.

## Conclusion

We reverse the trial court's judgment and remand for further proceedings.


AL SCOGGINS
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Reverse and remand
Opinion delivered and filed January 4, 2017
[CV06]

