In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-16-00106-CV
_____

**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant**

**V.**

**J.S.H., Appellee**

**On Appeal from the 253rd District Court**
**Liberty County, Texas**
**Trial Cause No. CV-1509671**

**MEMORANDUM OPINION**

The Texas Department of Public Safety (DPS) brings this restricted appeal from an order expunging J.S.H.'s criminal records related to two charges of driving while intoxicated with a child under fifteen years old.

Background

On December 23, 2007, J.S.H was arrested in cause number CR27217 on two counts of driving while intoxicated with a child under fifteen years of age. On

July 15, 2015, J.S.H. filed a petition to expunge the records relating to his arrest because the charges had been dismissed, and he requested that the following entities that he believed had records subject to expunction be served with notice of the petition: (1) Liberty Police Department; (2) Liberty County District Attorney's Office; (3) Texas Department of Public Safety, Crime Records Department; (4) Liberty County District Clerk's Office; (5) Liberty County Sheriff's Office; (6) Liberty County Clerk's Office; (7) Liberty County Adult Probation; (8) Texas Department of Public Safety, Expunctions; and the (9) Federal Bureau of Investigations. In a letter filed and dated September 28, 2015, and addressed to the Liberty County 253rd Court Coordinator, J.S.H.'s counsel stated the following:

> This letter is to confirm that a submission hearing has been scheduled for Friday, October 9, 2015 at 9:00 a.m. in the 253rd District Court for submission of the proposed Order for Expunction in the above referenced matter.
>
> By copy of this letter, I am notifying all interested parties of this setting.
>
> This letter also serves as Lead Document for efiling the Proposed Order for Expunction to be presented to the Court for consideration on October 9, 2015.

The letter noted that a copy ("cc") of the letter was provided to the "First Assistant District Attorney" and J.S.H. No other interested parties are listed in the "cc" section of the letter.

2

The trial court held a hearing on the expunction petition on October 9, 2015. J.S.H. appeared personally with his attorney at the hearing and his attorney stated that J.S.H.'s expunction petition was "uncontested[,]" that all parties were given notice, and that no parties filed a response to the petition. That same day, the trial court signed an Order for Expunction and ordered the entities named in the expunction petition, as well as the Dayton Police Department, to return all records and files concerning J.S.H.'s arrest in CR27217 to the trial court, or if not practical, to destroy such records or files. In accordance with the expunction order, the district clerk delivered, by certified mail, return receipt requested, a copy of the expunction order to the entities listed in the order. The appellate record reflects that DPS received a certified copy of the expunction order on October 21, 2015. On April 7, 2016, the DPS filed its notice of restricted appeal.

## Issue on Appeal

In one appellate issue, DPS argues the trial court erred in ordering an expunction because DPS did not receive notice of the expunction hearing, DPS did not waive the notice requirement, and DPS was entitled to notice. J.S.H. did not file an appellate brief.

3

Applicable Law and Standard of Review

We review a trial court's ruling on a petition for expunction under an abuse of discretion standard. *Tex. Dep't of Pub. Safety v. J.H.J.*, 274 S.W.3d 803, 806 (Tex. App.—Houston [14th Dist.] 2008, no pet.); *Heine v. Tex. Dep't of Pub. Safety*, 92 S.W.3d 642, 646 (Tex. App.—Austin 2002, pet. denied). Expunction is neither a constitutional nor a common-law right, but rather a statutory privilege. *In re D.W.H.*, 458 S.W.3d 99, 104 (Tex. App.—El Paso 2014, no pet.). A statutory expunction proceeding is a civil rather than a criminal proceeding, and the petitioner has the burden of proving that he has strictly complied with the requirements of the expunction statute. *Houston Police Dep't v. Berkowitz*, 95 S.W.3d 457, 460 (Tex. App.—Houston [1st Dist.] 2002, pet. denied); *Collin Cty. Criminal Dist. Attorney's Office v. Dobson*, 167 S.W.3d 625, 626 (Tex. App.—Dallas 2005, no pet.).

Restricted Appeal

We must first address whether DPS may complain of the expunction order in a restricted appeal. To successfully attack an order by restricted appeal, the appealing party must show: (1) he filed a notice of restricted appeal within six months after the judgment or complained-of order was signed; (2) he was a party to the underlying lawsuit; (3) he did not participate either in person or through

4

counsel in the hearing that resulted in the judgment or complained-of order, and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014); Tex. R. App. P. 30; *see also* Tex. R. App. P. 26.1(c).

The trial court signed the expunction order on October 9, 2015. DPS filed its notice of restricted appeal on April 7, 2016, within the six-month deadline set by Rule 26.1(c). *See* Tex. R. App. P. 26.1(c) ("in a restricted appeal, the notice of appeal must be filed within six months after the judgment or order is signed[]"). DPS was a party entitled to appeal the expunction order. *See* Tex. Code Crim. Proc. Ann art. 55.02, § 3(a) (West Supp. 2016) (An agency protesting an expunction order may appeal the judge's decision in the same manner as in other civil cases.). DPS was named in the expunction order as an agency or entity that might have records or files subject to expunction. All agencies that have records a petitioner wants expunged are entitled to notice so they may appear and present any objections at the hearing. *See id.* art. 55.02, § 2(c) (West Supp. 2016) (trial court shall give reasonable notice of the hearing to each official, agency, or other governmental entity named in the petition). Accordingly, DPS is considered a party entitled to a restricted appeal from the expunction order.

5

The record demonstrates that DPS did not participate in any hearing that resulted in the expunction order and it did not file any post-judgment motions or request findings of fact and conclusions of law. The only notice addressed to DPS that appears in the appellate record is the notice of the expunction order given by the clerk of court after entry of the order.

We next address whether error is apparent on the face of the record. DPS argues that error is apparent on the face of the record because the trial court failed to notify DPS of the expunction hearing. The expunction procedures provided in article 55.02 are mandatory. *Tex. Dep't of Pub. Safety v. Deck*, 954 S.W.2d 108, 112 (Tex. App.—San Antonio 1997, no writ). "If the record does not indicate that the agency was notified in accordance with the statute, then the record reflects a proceeding in violation of the statute and the expunction order must be set aside." *Id.* (citing *Rodriguez v. T.M.B.*, 812 S.W.2d 449, 450-51 (Tex. App.—San Antonio 1991, no writ) (reversing trial court and setting aside expunction order after finding that hearing took place without notice to any respondent); *Tex. Dep't of Pub. Safety v. Riley*, 773 S.W.2d 756, 758 (Tex. App.—San Antonio 1989, no writ) (setting aside expunction order because record did not reflect agencies had been notified of hearing and because judge violated thirty-day waiting period)).

6

We find nothing in the record to reflect that DPS was notified of the hearing held on October 9, 2015, and nothing in the record reflects that DPS waived the notice requirement. Although there is a letter from J.S.H.'s counsel addressed to the Liberty County District Attorney's Office, nothing in the record before us indicates that the Court gave notice to the DPS as required under art. 55.02, Sec. 2(c). Error is apparent from the face of the record because the record does not reflect that DPS was notified of the October 9, 2015 hearing.[1] This violation of mandatory procedures necessitates the setting aside of J.S.H.'s expunction order. DPS's issue is sustained. Because we have determined that the trial court erred in granting the petition for expunction, we reverse and set aside the expunction order and remand to the trial court for further proceedings consistent with this opinion.[2]

REVERSED AND REMANDED.

_____
LEANNE JOHNSON
Justice

---

[1] DPS contends that it never received notice of the hearing. Appellee did not file any response or appellate brief. When an appellee does not file a brief, as here, the appellate court may accept any factual statement made in the appellant's brief as true. *See* Tex. R. App. P. 38.1(g).

[2] When an expunction order is reversed and set aside, it is reversed and set aside as to all agencies in possession of relevant criminal records. *Ex parte Elliot*, 815 S.W.2d 251, 252 (Tex. 1991).

7

Submitted on October 3, 2016
Opinion Delivered August 3, 2017

Before McKeithen, C.J., Horton and Johnson, JJ.