

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-21-00078-CV

EX PARTE A.R.A.

On Appeal from the 106th District Court
Garza County, Texas,
Trial Court No. 20-09-07532, Honorable Reed A. Filley, Presiding

July 21, 2022

## MEMORANDUM OPINION

### Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant, the Texas Department of Public Safety, brings this restricted appeal from the trial court's order granting a petition for expunction filed by Appellee, A.R.A. TDPS contends it did not receive notice of A.R.A.'s petition or the subsequent expunction hearing as required by statute and that A.R.A. failed to satisfy his burden of proof. We set aside the expunction order and remand for proceedings consistent with this opinion.

On September 29, 2020, A.R.A. filed a petition seeking to expunge three drug-related offenses that occurred over a three-year period. His petition listed seven agencies as respondents, including TDPS. The trial court set a hearing for November 10, 2020. Following the hearing, the trial court entered an order requiring the seven agencies to

expunge all record of A.R.A.'s drug-related offenses. There is no record evidence that TDPS received any notice of A.R.A.'s expunction hearing set by the trial court.

Expunction is a civil remedy governed by articles 55.01–.02 of the Texas Code of Criminal Procedure.[1] *Ex parte R.P.G.P.*, 623 S.W.3d 313, 316 (Tex. 2021). An expunction order permits an arrestee to "deny the occurrence of the arrest and [deny] the existence of the expunction order [except in a criminal proceeding]" while prohibiting governmental and private entities named in the order from releasing, maintaining, disseminating, or using the expunged records and files "for any purpose." Art. 55.03. Because the remedy is a privilege defined by the Legislature, rather than a constitutional or common law right, the statutory requirements for its application are mandatory and exclusive and cannot be equitably expanded by the courts. *Ex parte R.P.G.P.*, 623 S.W.3d at 316 (citing *Ex parte E.H.*, 602 S.W.3d 486, 489 (Tex. 2020)).

Article 55.02 mandates the procedures to be followed in an expunction proceeding. This article provides that a person's petition for expunction identify central state depositories of criminal records such as TDPS. Art. 55.02 § 2(b)(8)(A). Section 2(c) requires that "[the] court . . . shall give to each official or agency or other governmental entity named in the petition reasonable notice of the [expunction] hearing by: (1) certified mail, return receipt requested; or (2) secure electronic mail, electronic transmission, or facsimile transmission." Art. 55.02 § 2(c) (alteration added). The burden is on the party petitioning for expunction to prove it met the statute's requirements. *See In re Expunction of J.R.*, 578 S.W.3d 272, 274 (Tex. App.—El Paso 2019, no pet.).

---

[1] TEX. CODE CRIM. PROC. ANN. arts. 55.01-02. Throughout the remainder of this opinion, provisions of the Texas Code of Criminal Procedure will be cited as "art. ___."

By its first issue, TDPS contends the trial court's expunction order should be set aside because TDPS received no notice of A.R.A.'s petition or the November 10th hearing. TDPS is an agency named in A.R.A.'s petition; therefore, it was entitled to reasonable notice of the trial court's expunction hearing. *See id.*[2] Here, the record does not show TDPS received the notice required by the expunction statute; therefore, the expunction order must be set aside. *See Tex. Dep't of Pub. Safety v. Brawner*, No. 14-00-01328-CV, 2001 Tex. App. LEXIS 7649, at *2–3 (Tex. App.—Houston [14th Dist.] 2001, no pet.) (mem. op.). *See also In re J.J.R. Jr*, 599 S.W.3d 605, 613–14 (Tex. App.—El Paso 2020, no pet.). We therefore sustain TDPS' first issue,[3] set aside the expunction order and remand this case to the trial court to afford all parties herein with an opportunity to receive notice and appear at a hearing from which a record may be developed therefrom. *In re J.J.R.*, 599 S.W.3d at 614.

## Conclusion

The trial court's order is reversed, and this cause is remanded for further proceedings consistent with this opinion.

Lawrence M. Doss
Justice

---

[2] A Dawson County assistant district attorney was present at the hearing and agreed with the trial court that he appeared on behalf of the State. Despite this apparent agreement, the assistant district attorney did not represent TDPS. At an expunction hearing each law enforcement agency is entitled to represent itself. *Tex. Dep't of Pub. Safety v. Deck*, 954 S.W.2d 108, 111–113 (Tex. App.—San Antonio 1997, no writ). *See Tex. Dep't of Pub. Safety v. Cruz*, No. 13-09-00145-CV, 2009 Tex. App. LEXIS 6971, at *5–6 (Tex. App.—Corpus Christi 2009, no pet.) (expungement order set aside due to lack of notice to TDPS despite the presence of a district attorney at the hearing).

[3] It is unnecessary that we consider Appellant's remaining issue. *See* TEX. R. APP. P. 47.1.

3